1  ERIC A. NYBERG, ESQ. (Bar No. 131105)
   CHRIS D. KUHNER, ESQ. (Bar No. 173291)
2  **KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
   1970 Broadway, Suite 600
3  Oakland, California 94612
   Telephone: (510) 763-1000
4  Facsimile: (510) 273-8669
   Email: e.nyberg@kornfieldlaw.com
5  Email: c.kuhner@kornfieldlaw.com

6  Attorneys for Creditor Milestone Financial, LLC dba MERS FUND I

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 25-40627 WJL |
|---|---|
| Beena Srinivasan, | Chapter 13 |
| | RFS No. EAN-001 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| Debtor. | |
| | Date: May 21, 2025<br>Time: 9:30 a.m.<br>Ctrm: 220<br>U.S. Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |

The Motion of Milestone Financial LLC dba MERS I Fund ("Movant") respectfully represents:

1. This is a motion to obtain relief from the automatic stay provided by 11 U.S.C. §362(a).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §362.

## I. FACTUAL BACKGROUND

3. On April 11, 2025, Debtor BEENA SRINIVASAN, commenced this case in the United States Bankruptcy Court for the Northern District of California by filing *pro se* a skeleton[1] voluntary petition under chapter 13.

4. Also on April 11, 2025, a related case, Case No. 25-40628-CN, was commenced by VIKRAM SRINIVASAN, ("Case 25-40628"). Case 25-40628 assigned a case number which is one digit higher than this case of Beena Srinivasan. Case No. 25-40628 by Vikram Srinivasan was also filed as a skeleton petition under chapter 13 and Vikram Srinivasan is also appearing *pro se* in Case 25-40628.

5. Case #25-40628 of Vikram Srinivasan is related to this case of Beena Srinivasan due to the fact that (a) both debtors identify their residence in their respective voluntary petitions as the same real property, to wit, 45752 Bridgeport Drive, Fremont, California 94539 (the "Real Property"), which real property is owned by Creditor Milestone; (b) Milestone has sued both Debtors as co-defendants along with other occupants of the Real Property for unlawful detainer in Alameda County Superior Court which action is currently pending as Milestone Financial, LLC dba MERS Fund I v. Ramani V. Srinivasan, Benna K. Srinivasan, Vikram Srinivasan, Partheshi Brahmbhatt, Christopher Shum et al., Case No. 24CV089292 (the "Unlawful Detainer Action"); and, (c) the debtors are related due to the fact that Debtor Beena Srinivasan is the mother of Debtor Vikram Srinivasan.

6. On April 25, 2025, the Debtor herein and Debtor Vikram Srinivasan each filed a Debtor's Ex Parte Motion for Order Extending Time to File Schedules, Statements of Financial Affairs, Plan of Reorganization, and Related Materials (the "Extension Motion") in their respective cases. Said Extension Motions were presented ex parte to the Court and are docketed in both bankruptcy cases as Docket #15. The Court has not yet ruled on the Extension Motions as of the date of this Motion.

---

[1] The skeleton petition was filed without bankruptcy schedules, without a statement of financial affairs, without a list of creditors and without a proposed chapter 13 plan among other requirements.

7. On April 29, 2025, this Court entered the Order Granting Ex Parte Application To Transfer Related Case (docket #17) and transferred Case #25-40628 of Vikram Srinivasan to the Honorable William J. Lafferty.

A. The Prior Bankruptcy Cases

8. The Debtor previously filed the following bankruptcy cases with the United States Bankruptcy Court for the Northern District of California, which were each dismissed for the reasons stated below:

| Beena Srinivasan | | | | |
|---|---|---|---|---|
| Case # | Chapter | Date Filed | Date Dismissed | Reason Dismissed |
| 19-42179 | 13 | 9/25/19 | 12/17/19 | Failure to file information |
| 19-42577 | 13 | 11/14/19 | 1/7/20 | Failure to file information |
| 21-40903 | 13 | 7/6/21 | 8/30/21 | Failure to file information |
| 21-41128 | 13 | 9/7/21 | 11/16/21 | Failure to pay fee |

9. The co-obligor Ramani Srinivasan previously filed the following bankruptcy cases with the United States Bankruptcy Court for the Northern District of California, which were each dismissed for the reasons stated below:

| Ramani Srinivasan | | | | |
|---|---|---|---|---|
| Case # | Chapter | Date Filed | Date Dismissed | Reason Dismissed |
| 19-42817 | 11 | 12/16/19 | 4/1/20 | Failure to file information |
| 20-40541 | 13 | 3/9/20 | 5/15/20 | Failure to file information |
| 21-41339 | 13 | 11/2/21 | 12/27/21 | Failure to file information |
| 22-40006 | 13 | 1/25/22 | 2/15/22 | Dismissed for abuse with 12-month bar on refiling |

10. The related debtor, Vikram Srinivasan in Case #25-40628 has filed the following previous bankruptcy cases, which have been dismissed for the reasons stated below:

| Vikram Srinivasan | | | | |
|---|---|---|---|---|
| Case # | Chapter | Date Filed | Date Dismissed | Reason Dismissed |
| 19-42729 | 11 | 12/2/19 | 1/8/20 | Failure to file documents |
| 20-51735 | 11 | 11/10/20 | 8/5/21 | Failure to appear at 341 meeting after conversion to chapter 7 |
| 21-51065 | 11 | 8/12/21 | 10/19/21 | Dismissed for abuse with 180 day bar on refiling |

### B. The Deed of Trust and Foreclosure Sale

11. In December 2018, MERS Fund I financed a second mortgage in the amount of $1,060,000 secured by a deed of trust duly recorded in Alameda County against the Real Property. The borrowers under that second mortgage were Debtor Beena Srinivasan and her husband, Ramani Srinivasan, with all documents having been executed by Debtor Vikram Srinivasan as the alleged attorney in fact for Beena Srinivasan and Ramani Srinivasan. No payments were ever made to MERS Fund I under its promissory note and deed of trust. The Real Property was subject to an existing first deed of trust.

12. A Notice of Default and Election to Sell Under Deed of Trust was recorded in Alameda County. After the termination of the various bankruptcy cases referenced herein, the trustee's foreclosure sale of the Real Property was completed at public auction held on June 3, 2020 as reflected in the Trustee's Deed Upon Sale which was recorded on June 5, 2020. MERS Fund I was the foreclosing beneficiary and the sole bidder at the trustee's sale in the amount of $1,199,000.00 as a credit bid. A copy of the recorded Trustee's Deed Upon Sale is attached as **Exhibit A** to the Declaration of William Stuart ("Stuart Declaration") and is incorporated herein by reference.

13. As noted, the Real Property was subject to an existing first deed of trust. Following the foreclosure sale, the loan secured by the first deed of trust matured by its terms and Movant was required to refinance and repay that senior lien in order to protect Movant's interest in the Real Property.

14. Movant attempted to evict the Debtor, her husband and Debtor Vikram Srinivasan from the Real Property following the foreclosure but ran afoul of the eviction moratorium previously imposed by Alameda County. Movant's unlawful detainer action was dismissed and a second attempted unlawful detainer action similarly failed.

15. On August 14, 2024, Movant caused a three-day notice to quit to be served upon the occupants of the Real Property, including Debtor Beena Srinivasan, Debtor Vikram Srinivasan, Ramani Srinivasan and others. A true and correct copy of the three-day notice to quit is attached as **Exhibit B** to the Stuart Declaration and incorporated herein by reference.

16. Following the expiration of that three-day notice, on August 28, 2024, Movant sued both Debtors as co-defendants along with other occupants of the Real Property for unlawful detainer in Alameda County Superior Court which action is currently pending as <u>Milestone Financial, LLC dba MERS Fund I v. Ramani V. Srinivasan, Benna K. Srinivasan, Vikram Srinivasan, Partheshi Brahmbhatt, Christopher Shum et al.</u>, Case No. 24CV089292 (the "Unlawful Detainer Action"). A true and correct copy of the Complaint for Unlawful Detainer (with exhibits omitted to avoid unnecessary repetition) is attached as **Exhibit C** to the Stuart Declaration and incorporated herein by reference.

17. The Debtor, Vikram Srinivasan and the other occupants filed motions to quash the service of summons in the Unlawful Detainer Action, all of which were denied following a hearing. A true and correct copy of the Notice of Entry of Order Denying Motion to Quash Service is attached as **Exhibit D** to the Stuart Declaration and is incorporated herein by reference.

18. The Unlawful Detainer Action was about to be scheduled for trial when this bankruptcy case and the related case of Vikram Srinivasan were filed thereby invoking the automatic stay. Movant may not proceed with the trial or any other proceedings in the Unlawful Detainer Action without relief from stay by the Bankruptcy Court in this case and in the related case of Vikram Srinivasan.

19. As set forth in the Unlawful Detainer Complaint, the reasonable rental value of the Real Property is $215.00 dollars per day.

## II. LEGAL ARGUMENT

**A. Cause Exists to Grant Motion for Relief from the Automatic Stay.**

11 U.S.C. Section 362(d)(1) permits relief from the automatic stay for "cause." The court does not define "cause" and, therefore discretionary relief from the stay must be determined on a case-by-case basis. *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir. 1990) citing *In re Macdonald,* 755 F.2d 715, 717 (9th Cir. 1985). The stay may be lifted as a matter of judicial economy. *In re Neal,* 176 B.R. 30, 34 (Bankr.D. Idaho 1994) *See also Westwood Broadcasting, Inc.* 35 B.R. 47, 48-49 (Bankr.D.Haw. 1983) (granting the plaintiffs motion for relief from the

automatic stay to allow them to proceed with state court trial to adjudicate all issues among the plaintiffs, the debtors and non-debtors involved in the suit; *In re Kemble,* 776 F.2d 802, 806 (9th Cir. 1995) (lifting the stay for purposes of judicial economy to remit the competition of the trial pending in district court was not an abusive discretion.

In this case, the Debtor filed this case during the pendency of the Unlawful Detainer Action and after the Superior Court denied various motions to quash. The Unlawful Detainer Action was also about to be set for trial. Granting relief will allow Movant to proceed with obtaining a judgment possession of the Real Property in the Unlawful Detainer Action. The Debtor has been a hold over at the Real Property after the Movant's foreclosure sale for almost 5 years and has thwarted Movant's efforts to exercise its rights as the owner of the Real Property through a series of bankruptcy filings. Therefore, judicial economy weighs heavily in favor of granting relief from stay.

**B.      Bad Faith**

In addition to judicial economy, cause exists because the Debtor filed this case in bad faith. It is long established that the existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from stay. *Idaho v. Arnold (In re Arnold),* 806 F.2d 937, 939 (9th Cir. 1986); *Can-Alta Props. Ltd., v. State Sav. Mortg. Co. (In re Can-Alta Props, Ltd.),* 87 B.R. 89, 91 (BAP 9th Cir. 1988). Filing a bankruptcy case for the sole purpose of invoking the automatic stay and disrupting state court litigation, without intending the use of special powers of the bankruptcy court to resolve or restructure the debtors financial affairs, constitute "bad faith." *In re Silberkraus*, 253 B.R. 890, 905 (Bankr.C.D.Cal.2000). Related to this concept, it is bad faith to file for bankruptcy where dispute is between two parties. Id at 905-906. See also *In re Stober*,193 B.R. 5, 11 (Bankr.D.Ariz.1996) (two parties are best resolved in state court process, not bankruptcy court.)

In this Circuit, it is "bad faith to file bankruptcy to impede, delay. . . or obtain a tactical advantage regarding litigation ongoing in a nonbankruptcy forum-whether that nonbankruptcy forum is a state court or a federal district court." *In re Silberkraus,* 253 B.R. 890, 904-906 (Bankr. C.D. Cal. 2000), affirmed, 336 F.3d 864 (9th Cir. 2003). The Court in *In re Silberkraus*, supra at 906-7, cites " numerous cases holding that it constitutes bad faith to file bankruptcy to impede, delay, forum shop, or obtain a tactical advantage regarding litigation ongoing in nonbankruptcy

forum--whether that nonbankruptcy forum is a state court or a federal district court" as follows:

- In re *SGL Carbon Corp.*, 200 F.3d 154 (3d Cir.1999) (bad faith for debtor to file bankruptcy to seek to gain a tactical litigation advantage in pending antitrust litigation);

- In re *Start the Engines, Inc.*, 219 B.R. 264 (bankruptcy filed in bad faith because petition filed for the improper purpose of delaying a state court action; court sanctioned debtor's president and debtor's attorney for bad faith);

- *St. Paul Self Storage Ltd. Partnership v. Port Authority of the City of St. Paul (In re St. Paul Self Storage Ltd. Partnership),* 185 B.R. 580 (9th Cir. BAP 1995) (bad faith for debtor to file bankruptcy one day prior to a hearing on a creditor's discovery motion in state court litigation revolving around a lease that was allegedly owned by debtor);

- *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Virginia (In re Phoenix Piccadilly, Ltd.),* 849 F.2d 1393 (11th Cir.1988) (bad faith for debtor to file bankruptcy the day before the state court was to hold a hearing on the appointment of a receiver, thereby delaying and frustrating the enforcement efforts of secured creditors);

- *Albany Partners, Ltd v. W.P. Westbrook, Jr. (In re Albany Partners Ltd.),* 749 F.2d 670 (11th Cir.1984) (bad faith for debtor to file bankruptcy to frustrate the legitimate enforcement efforts of the secured creditors when the bankruptcy was filed after the state court granted a writ of possession and appointed a receiver, and on the eve of foreclosure);

- *Little Creek Dev't Co. v. Commonwealth Mortgage Corp. (In Matter of Little Creek Dev't Co.),* 779 F.2d 1068 (5th Cir.1986) (the seminal bad faith case, which opined, inter alia, that it is bad faith to file bankruptcy as a follow on to state court litigation).

The *In re Silberkraus* Court concluded "the overall teaching of this whole collection of cases is that two party disputes in state court (or federal district court) should be resolved through the normal litigation process in those forums, and that it is bad faith to file bankruptcy instead of continuing with the normal litigation process in the nonbankruptcy forums" and found that both the debtor and their attorneys there had "ignored this whole body of caselaw." (Id. at 907)

Based upon the Debtor's filing, there are several indicia of her bad faith. The Debtor and other family members have a history of bankruptcy filings and dismissals. This fact alone constitutes

Motion for Relief from the Automatic Stay -7-

a clear pattern of egregious behaviour and unfair manipulation of the Bankruptcy Code. As evidenced by the multiple filings by the Debtor and family members all of which were dismissed pre-confirmation, the Debtor has used the bankruptcy system for her own personal advantage and to live rent free in a property for almost 5 years and while inflicting ongoing financial injury to the Movant.

For the reasons set forth above, cause exists to grant relief from stay to Movant.

### C. The Court Has the Inherent Power to Impose a Bar to Re-filing Pursuant to 11 U.S.C. Section 105.

Pursuant to § 105 of the Bankruptcy Code, this Court has the authority to prohibit the Debtor from re-filing another bankruptcy case for a prescribed period of time to prevent her from further engaging in her continuous abuse of the bankruptcy process. Section 105(a) provides in pertinent part:

> The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title. . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to. . .prevent an abuse of process.

11 U.S.C. § 105 (AWHFY, L.P. 2023).

In *In re Rainbow Magazine, Inc.,* 77 F. 3d 278, 284 (9th Cir. 1996), the Ninth Circuit recognized that in enacting section 105(a), Congress statutorily granted the inherent powers of Article III courts to bankruptcy courts. While the issue in Rainbow Magazine was whether the bankruptcy court has the authority to assess monetary sanctions against bad faith litigants beyond the scope of rule 9011, the holding in the case is sufficiently broad to encompass any action the Court may take in maintaining the integrity of the system, so long as it is not specifically limited by statute. *Rainbow Magazine*, 77 F. 3d at 284-85, citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991). For example, a finding of bad faith is generally considered sufficient "cause" for the imposition of a bar to re-filing pursuant to § 105 for a period that exceeds 180 days. See *In re Mehlhose*, 469 B.R. 694, 712 (Bankr. E.D. Mich. 2012) (citations omitted); *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007).

This Debtor has acted in bad faith by filing multiple case cases to the substantial detriment of Movant and potentially other creditors if any exist. The Debtor's misconduct in failing to prosecute the prior cases demonstrates that the Debtor is simply using the Bankruptcy Court as a convenient safe haven to live rent free in Movant's property and to prevent Movant from proceeding with the Unlawful Detainer Action. This current case is just the next step in the Debtor's abuse of the bankruptcy system.

The Court should exercise its inherent powers under § 105(a) to bar the Debtor from re-filing any new bankruptcy cases for a period of two years, on the basis that: 1) the Debtor has been a serial bankruptcy filer as set forth above; and 2) the Debtor has failed to prosecute this current case, consistent with her failure to prosecute her previous cases, while she seeks to remain in the Real Property of the Movant. The Debtor's conduct is a blatant abuse of the bankruptcy system.

### D. The 14-Day Stay of an Order Granting Relief from the Automatic Stay Should be Waived.

There is cause to waive the 14-day stay provided in FRBP 4001(a)(3). As explained above, the Movant was in the midst of prosecuting an action for unlawful detainer based upon the Debtor's failure to vacate the Real Property after the Movant's foreclosure sale when this bankruptcy case was filed. The Debtor and the other occupants have retained unlawful possession for approximately 5 years following the foreclosure by Movant. Movant has been unable to gain access of any kind to confirm the condition of the interior of the property during that time. Any further delay in preventing Movant from recovering possession to the Premises represents the possibility of significant harm to the Real Property. Accordingly, the Court should waive any stay of its order.

### III. CONCLUSION

For the reasons set forth above, the Court should grant Movant relief from stay to proceed with the Unlawful detainer action, enter and two-year bar against the Debtor filing another bankruptcy case and waiver of the stay under F.R. B.P. 4001(a)(3)

Motion for Relief from the Automatic Stay -9-
Case: 25-40627  Doc# 22  Filed: 05/07/25  Entered: 05/07/25 13:52:30  Page 9 of 10

| | |
|---|---|
| Dated: May 7, 2025 | Kornfield, Nyberg, Bendes, Kuhner & Little, P.C. |

By: /s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Creditor Milestone Financial, LLC dba
MERS FUND I