Beena Srinivasan, Pro Se
45752 Bridgeport Drive
Fremont, CA, 94539
Bsone9six3@gmail.com
510-519-4064

FILED
MAY 30 2025
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>BEENA SRINIVASAN,<br><br>Debtor | Case No.: 25-40627<br><br>Chapter 13<br><br>**DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025**<br><br>DATE: June 25, 2025<br>TIME: 10:30 AM<br>CTRM: 220<br>    U.S. Bankruptcy Court<br>    1300 Clay Street<br>    Oakland, CA 94612 |

The Movant's motion for relief from stay is invalid as it improperly noticed. The Debtor brings this motion to seek relief from the Court's dismissal for failure to comply with the order to extend time to file required documents and for the Court to dismiss the case pursuant to the Debtor's absolute right to dismiss his Chapter 13 case.

None of the restrictions preventing dismissal apply, the Debtor's filing of his voluntary dismissal before the deadline had expired is in compliance with the motion to extend time and takes precedence over the requirement to file the missing documents.

**DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN**  1

The instant motion is timely pursuant to Federal Rule of Civil Procedure 59 and 60, and Rule 9023 and 9024, being brought within 14 days of the entry of order dismissing the instant action.

### Statement of Facts

On April 11th, 2025, the Debtor and her each filed their respective Chapter 13 petitions. On April 15th, 2025 the Order for Individuals in Chapter 13 Case to File Required Documents and Notice of Automatic Dismissal was entered. (Bankr. Dkt. No. 7).

On April 24, the Debtor filed – before the 14-day deadline had expired – an ex parte application requesting additional time to file the required documents. The Debtor had requested until May to filing the missing required documents. (Bankr. Dkt. No. 15)

On May 6th, 2025, the Court approved the Debtor's ex parte application, finding there was cause to extend the deadline. (Bankr. Dkt. No. 19). The Court ordered the Debtor filing missing documents on May 14th, 2025 in advance of the scheduled 341-Meeting scheduled for May 15th, 2025. The ex parte application and order were made without prejudice to the Debtor making a second request for an extension.

On May 7th, 2025, Milestone Financial, LLC filed a motion for relief from stay seeking relief to continue the unlawful detainer action in state court. (Bankr. Dkt. No. 22). The motion also sought a 2-year bar for refling.

On May 14th, 2025, the Debtor, before the deadline expired, filed a voluntary dismissal of his Chapter 13 case. (Bankr. Dkt. No. 31).

On May 16th, 2025, the Court entered order dismissing the case for failure to comply with the order extending time. (Bankr. Dkt. No. 35).

### Argument

#### Debtor's Absolute Right to Voluntary Dismissal

DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN

2

Case: 25-40627    Doc# 41    Filed: 05/30/25    Entered: 05/30/25 15:57:12    Page 2 of 7

The 9th Circuit Court of Appeals *In re Nichols*, 10 F.4th 956 (2021) held the debtor's right to a voluntarily dismissal and that the text of 11 USC § 1307 gives no inclination of discretion beyond the statute. The 9th Circuit affirmed this ruling in *In re Powell*, 119 F.4th 597 (2024).

"The rules of procedure govern § 1307(b) dismissals as of right. Rule 1017(f)(2) directs that a debtor who wishes to exercise the § 1307(b) "right" to dismiss a chapter 13 case must proceed by motion filed and served as required by Rule 9013. Fed. R. Bankr. P. 1017(f)(2). The need for a § 1307(b) motion is two-fold. First, the motion needs to be screened [**18] for eligibility because § 1307(b) dismissal as of right is not permitted if the case previously was converted under §§ 706, 1112, or 1208. Second, the motion provides a platform for considering the § 349(a) question of the effect of the dismissal.4A § 1307(b) motion is governed by Rule 9013 and "is not automatically a contested matter under Rule 9014." Fed. R. Bankr. P. 1017(f)(2), Advisory Committee Note to 1987 Amendment." *In re Duran v. Rojas*, 630 B.R. 797, 811 (B.A.P. 9th Cir. 2021). No hearing is required. The court's participation is required only to verify that the case was commenced as a chapter 13 case, and to determine if any conditions should be attached to the dismissal. Unless the court has reason to believe that the case was not originally commenced under chapter 13 and, therefore, is not subject to the absolute right to dismiss, the court should enter the dismissal order immediately upon filing of the motion. In cases in which there is doubt as to the right to dismiss, the court may schedule a hearing." 8 Collier on Bankruptcy P 1307.03 (16th 2025).

**Debtor's Compliance with Rule 1007, 11 U.S.C. 521, and the Order Extending Time**

The Debtor has timely filed his request to extend time to file the missing required documents. The Court granted this request, giving until May 14, 2025 to file the missing documents. This request did not prejudice the Debtor from seeking a successive request for

**DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN** 3

additional time. On May 14th, 2025 within the time allowed for under both the Order Extending Time and within the 45 days deadline for 11 USC § 521 the Debtor filed a voluntary dismissal.

The Court's power of sua sponte dismissal for failure to file required documents within 14 days of filing the petition pursuant to Rule 1007 and for failing to file documents – in this case – pursuant to the order extending time is rooted in its equitable powers under 11 USC § 105. See *In re Tennant*, 318 B.R. 860 (2004). The automatic dismissal provision, however, is provided under 11 USC § 521. The 14-day rule itself does not specifically factor in this instant matter because a timely request to extend time was filed before the deadline and was subsequently granted.

Authorities suggest the 45-day deadline can be extended upon finding of good cause which must be made and granted before the deadline, but the deadline cannot be abridged to mandate a shorter time period. The Debtor is also unsure in light of the Supreme Courts ruling in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) and *Law v. Siegel*, 571 U.S. 415 (2014) where the Supreme Court has held that the equitable powers under 11 USC § 105 cannot contravene explicit provisions elsewhere in the bankruptcy code. *Marrama* dealt with a debtor's right to convert from a Chapter 7 to a Chapter 13, expressly conditioned on the debtor being able to qualify as a Chapter 13 debtor. Whereas *Law* clarified *Marrama* ruling the bankruptcy court may dispense with "futile procedural niceties", however equitable considerations do not "permit a bankruptcy court to contravene express provisions of the Code."

In the instant matter the 11 USC § 521 explicitly provides for a 45-day deadline to file the required documents and it is unknown if any abridgement of this statutory deadline pursuant to 11 USC § 105 can stand in light of the aforementioned Supreme Court holdings.

DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN    4

## Debtor's Compliance and Lack of Willful Disobedience

A Chapter 13 debtor who files a skeletal petition, requests and is granted an extension of time to file the required documents, and then exercises the right to dismiss the case before the expiration of the extended deadline is not engaging in willful disobedience of the court order. The debtor is acting within the legal framework provided by 11 USC § 1307 (b) and Rule 1007(c).

The 9th Circuit has held in *U.S. v. Armstrong*, 781 F.2d 700 (1986) a willful act is "'a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful.' Baker, 641 F.2d at 1317; *United States v. Greyhound Corporation*, 508 F.2d 529, 531–32 (7th Cir.1974). It implies a 'deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order.' *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir.1983)." In the instant matter, the Court's order of dismissal states the Debtor failed to comply the order extending time. However, the Debtor filed for a voluntary dismissal and prior to the deadline set forth in the order extending time. Once the debtor files a request for voluntary dismissal, the court must grant it, and the case is dismissed without further obligations to file schedules or other documents (*In re Whitmore*, 225 B.R. 199 (1998)). In *Whitmore* the Court found that so long as the bankruptcy has not been previously converted, the Debtor need only make the motion and serve in compliance with Rule 9013 and "the court must give effect to the debtor's motion so long as the requirements of § 1307(b) have otherwise been met. *Beatty v. Traub (In re Beatty)*, 162 B.R. 853, 857 (9th Cir. BAP 1994)".

The Court in *Whitmore* found that the debtor's case was dismissed upon filing the of dismissal and the debtor was free to file a second case despite the opposing side arguing the

**DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN**    5

debtor had simultaneous cases pending. The Court corrected the record to reflect the voluntarily dismissal rather than dismissing based on the trustee's motion to dismiss.

In the instant matter, there appears to have been a clerical oversight with the Court not realizing a voluntary dismissal was filed and was thus required to give the voluntary dismissal effect. And because the dismissal was filed and the right of the Debtor's voluntary dismissal is absolute the Debtor was acting within the deadline set forth by the order extending time and there was no disobedience by the Debtor.

When a Chapter 13 case is voluntarily dismissed, the debtor is relieved of the obligation to file schedules if the dismissal occurs before the deadline for filing such documents. The dismissal effectively terminates the case, and the debtor is no longer subject to the procedural requirements that would have applied had the case continued.

**Harmless Error**

The Debtor request that the court modify the order of dismissal to reflect it was voluntarily dismissed rather than for a failure to comply with a court order may seem like harmless error and without prejudice because a dismissal is a dismissal. However, this is not the case. The prejudice is the apparent finding the debtor willfully chose to disobey a Court order.

On May 21st, 2025, Milestone's motion came to a hearing and the Court allowed Milestone until June 4th, 2025 to file a motion for a refiling bar. The Debtor disagrees with any such request, which will be separately addressed in an opposition should Milestone move forward with that request. Here, however, the Debtor's concern is that Milestone may try to use the manner of dismissal—disobedience of a court order—as a factor or evidence against the Debtor for a lengthy bar to refiling. For the reasons provided in this Motion, the Debtor asserts that no such order was disobeyed willfully or otherwise. The Debtor voluntarily dismissed the

**DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN** 6

chapter 13 case, as was the Debtor's absolute right to do, in a timely manner that was prior to the expiration of the deadline to file schedules.

As argued above, there was no willful disobedience and the Debtor was acting in compliance with the 11 USC 521, Rule 1007, and the order extending time by acting – exercising the absolute right of dismissal – before the deadline in the order had elapsed.

## Conclusion

The Debtor respectfully requests that the Court reconsider its determination to vacate the order entered on May 16 (Doc. No. 35) to correct the record to reflect that the Debtor's chapter 13 case was voluntarily dismissed on May 14—by a timely motion from the Debtor prior to the expiration of the deadline to file bankruptcy schedules—rather than the case being dismissed for the Debtor disobeying a court order.

May 20, 2025

Dated

Beena Srinivasan, Pro Se

DEBTOR'S MOTION FOR RECONSIDERATION AND TO AMEND ORDER OF DISMISSAL ENTERED ON MAY 16, 2025 AND DECLARATION OF BEENA SRINIVASAN     7

Case: 25-40627    Doc# 41    Filed: 05/30/25    Entered: 05/30/25 15:57:12    Page 7 of 7