ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Creditor Milestone Financial, LLC dba MERS FUND I

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re<br><br>Beena Srinivasan,<br><br><br><br><br>                                    Debtor. | Case No. 25-40627 WJL<br><br>Chapter 13<br><br>**MOTION FOR ORDER GRANTING REFILING BAR** |

Date:   June 25, 2025
Time:   10:30 a.m.
Ctrm:   220
         U.S. Bankruptcy Court
         1300 Clay Street
         Oakland, CA 94612

     The Motion of Milestone Financial LLC dba MERS I Fund ("Movant") respectfully represents:

     1.    This is a motion to obtain an order granting a motion requesting that Beena Srinivasan (the "Debtor") shall be barred from filing another bankruptcy case for a period of two years from the date of dismissal of her most recent case.

     2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§ 349 and 105.

Motion for Order Granting Refiling Bar

-1-

3.    On April 11, 2025, Debtor BEENA SRINIVASAN, commenced this case in the United States Bankruptcy Court for the Northern District of California by filing *pro se* a skeleton[1] voluntary petition under chapter 13.

4.    Also on April 11, 2025, a related case, Case No. 25-40628-CN, was commenced by VIKRAM SRINIVASAN, ("Case 25-40628"). Case 25-40628 assigned a case number which is one digit higher than this case of Beena Srinivasan. Case No. 25-40628 by Vikram Srinivasan was also filed as a skeleton petition under chapter 13 and Vikram Srinivasan is also appearing *pro* se in Case 25-40628.

5.    Case #25-40628 of Vikram Srinivasan is related to this case of Beena Srinivasan due to the fact that (a) both debtors identify their residence in their respective voluntary petitions as the same real property, to wit, 45752 Bridgeport Drive, Fremont, California 94539 (the "Real Property"), which real property is owned by Creditor Milestone; (b) Milestone has sued both Debtors as co-defendants along with other occupants of the Real Property for unlawful detainer in Alameda County Superior Court which action is currently pending as Milestone Financial, LLC dba MERS Fund I v. Ramani V. Srinivasan, Benna K. Srinivasan, Vikram Srinivasan, Partheshi Brahmbhatt, Christopher Shum et al., Case No. 24CV089292 (the "Unlawful Detainer Action"); and, (c) the debtors are related due to the fact that Debtor Beena Srinivasan is the mother of Debtor Vikram Srinivasan.

6.    On April 25, 2025, the Debtor herein and Debtor Vikram Srinivasan each filed a Debtor's Ex Parte Motion for Order Extending Time to File Schedules, Statements of Financial Affairs, Plan of Reorganization, and Related Materials (the "Extension Motion") in their respective cases. Said Extension Motions were presented ex parte to the Court and are docketed in both bankruptcy cases as Docket #15. On April 29, 2025, the Court granted the Debtor an extension of time to file the required documents to May 14, 2025 [Docket No. 19].

---

[1] The skeleton petition was filed without bankruptcy schedules, without a statement of financial affairs, without a list of creditors and without a proposed chapter 13 plan among other requirements.

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600    Oakland, California 94612

7.	On April 29, 2025, this Court entered the Order Granting Ex Parte Application To Transfer Related Case (docket #17) and transferred Case #25-40628 of Vikram Srinivasan to the Honorable William J. Lafferty.

A.	The Prior Bankruptcy Cases

8.	The Debtor previously filed the following bankruptcy cases with the United States Bankruptcy Court for the Northern District of California, which were each dismissed for the reasons stated below:

| Beena Srinivasan | | | | |
|---|---|---|---|---|
| Case # | Chapter | Date Filed | Date Dismissed | Reason Dismissed |
| 19-42179 | 13 | 9/25/19 | 12/17/19 | Failure to file information |
| 19-42577 | 13 | 11/14/19 | 1/7/20 | Failure to file information |
| 21-40903 | 13 | 7/6/21 | 8/30/21 | Failure to file information |
| 21-41128 | 13 | 9/7/21 | 11/16/21 | Failure to pay fee |

9.	The co-obligor Ramani Srinivasan previously filed the following bankruptcy cases with the United States Bankruptcy Court for the Northern District of California, which were each dismissed for the reasons stated below:

| Ramani Srinivasan | | | | |
|---|---|---|---|---|
| Case # | Chapter | Date Filed | Date Dismissed | Reason Dismissed |
| 19-42817 | 11 | 12/16/19 | 4/1/20 | Failure to file information |
| 20-40541 | 13 | 3/9/20 | 5/15/20 | Failure to file information |
| 21-41339 | 13 | 11/2/21 | 12/27/21 | Failure to file information |
| 22-40006 | 13 | 1/25/22 | 2/15/22 | Dismissed for abuse with 12-month bar on refiling |

10.	The related debtor, Vikram Srinivasan in Case #25-40628 has filed the following previous bankruptcy cases, which have been dismissed for the reasons stated below:

| Vikram Srinivasan | | | | |
|---|---|---|---|---|
| Case # | Chapter | Date Filed | Date Dismissed | Reason Dismissed |
| 19-42729 | 11 | 12/2/19 | 1/8/20 | Failure to file documents |
| 20-51735 | 11 | 11/10/20 | 8/5/21 | Failure to appear at 341 meeting after conversion to chapter 7 |
| 21-51065 | 11 | 8/12/21 | 10/19/21 | Dismissed for abuse with 180 day bar on refiling |

**B.** The Deed of Trust and Foreclosure Sale

11.     In December 2018, MERS Fund I financed a second mortgage in the amount of $1,060,000 secured by a deed of trust duly recorded in Alameda County against the Real Property. The borrowers under that second mortgage were Debtor Beena Srinivasan and her husband, Ramani Srinivasan, with all documents having been executed by Debtor Vikram Srinivasan as the alleged attorney in fact for Beena Srinivasan and Ramani Srinivasan. No payments were ever made to MERS Fund I under its promissory note and deed of trust. The Real Property was subject to an existing first deed of trust.

12.     A Notice of Default and Election to Sell Under Deed of Trust was recorded in Alameda County. After the termination of the various bankruptcy cases referenced herein, the trustee's foreclosure sale of the Real Property was completed at public auction held on June 3, 2020 as reflected in the Trustee's Deed Upon Sale which was recorded on June 5, 2020. MERS Fund I was the foreclosing beneficiary and the sole bidder at the trustee's sale in the amount of $1,199,000.00 as a credit bid. A copy of the recorded Trustee's Deed Upon Sale is attached as **Exhibit A** to the Declaration of William Stuart ("Stuart Declaration") and is incorporated herein by reference.

13.     As noted, the Real Property was subject to an existing first deed of trust. Following the foreclosure sale, the loan secured by the first deed of trust matured by its terms and Movant was required to refinance and repay that senior lien in order to protect Movant's interest in the Real Property.

14.     Movant attempted to evict the Debtor, her husband and Debtor Vikram Srinivasan from the Real Property following the foreclosure but ran afoul of the eviction moratorium previously imposed by Alameda County. Movant's unlawful detainer action was dismissed and a second attempted unlawful detainer action similarly failed.

15.     On August 14, 2024, Movant caused a three-day notice to quit to be served upon the occupants of the Real Property, including Debtor Beena Srinivasan, Debtor Vikram Srinivasan, Ramani Srinivasan and others. A true and correct copy of the three-day notice to quit is attached as **Exhibit B** to the Stuart Declaration and incorporated herein by reference.

Case: 25-40627   Doc# 45   Filed: 06/03/25   Entered: 06/03/25 13:13:56   Page 4 of 9

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600   Oakland, California 94612

16.     Following the expiration of that three-day notice, on August 28, 2024, Movant sued both Debtors as co-defendants along with other occupants of the Real Property for unlawful detainer in Alameda County Superior Court which action is currently pending as <u>Milestone Financial, LLC dba MERS Fund I v. Ramani V. Srinivasan, Benna K. Srinivasan, Vikram Srinivasan, Partheshi Brahmbhatt, Christopher Shum et al.</u>, Case No. 24CV089292 (the "Unlawful Detainer Action"). A true and correct copy of the Complaint for Unlawful Detainer (with exhibits omitted to avoid unnecessary repetition) is attached as **Exhibit C** to the Stuart Declaration and incorporated herein by reference.

17.     The Debtor, Vikram Srinivasan and the other occupants filed motions to quash the service of summons in the Unlawful Detainer Action, all of which were denied following a hearing. A true and correct copy of the Notice of Entry of Order Denying Motion to Quash Service is attached as **Exhibit D** to the Stuart Declaration and is incorporated herein by reference.

18.     The Unlawful Detainer Action was about to be scheduled for trial when this bankruptcy case and the related case of Vikram Srinivasan were filed thereby invoking the automatic stay.

19.     As set forth in the Unlawful Detainer Complaint, the reasonable rental value of the Real Property is $215.00 dollars per day.

20.     On May 7, 2025, Movant filed a Motion for Relief from Stay, Notice of Hearing on Motion for Relief from Stay and Declaration of William Stuart in Support of Motion for Relief from Stay [Docket Nos. 22, 23 and 24].

21.     On May 12, 2025, the Chapter 13 Trustee entered a docket entry under penalty of perjury that the Debtor failed to submit a copy of her federal income tax document as required by 11 U.S.C. Section 521(e)(2)(A)(i).

22.     On May 12, 2025, the Court entered an Order and Notice Regarding Failure of Debtor(s) to Submit a Copy of Their Federal Income Tax Return(s) to the Trustee as Required by 11 U.S.C. Section 521(e)(2)(A)(i) [Docket No. 26]. The Debtor failed to comply with the Order.

23.     On May 14, 2025, the Debtor filed a Motion to Voluntary [sic] Dismiss Chapter 13 Case [Docket No. 31] along with supporting Declaration [Docket No. 32].

KORNFIELD

NYBERG, BENDES, KUHNER & LITTLE, P.C.

1970 Broadway, Suite 600   Oakland, California 94612

24. On May 16, 2025, the Court entered an Order and Notice of Dismissal for Failure to Comply [Docket No. 35].

25. On May 22, 2025, the Court entered an Order Granting Motion for Relief from the Automatic Stay [Docket No. 38].

26. The Debtor's Chapter 13 case has not been closed and remains open.

27. On May 30, 2025, the Debtor and her son Vikram each filed Motions to Reconsider and To Amend Order and Notice of Dismissal For Failure to Comply [Docket No. 41].

## II. LEGAL ARGUMENT

### A. The Court Has the Inherent Power to Impose a Bar to Re-filing Pursuant to 11 U.S.C. Section 105.

Pursuant to § 105 of the Bankruptcy Code, this Court has the authority to prohibit the Debtor from re-filing another bankruptcy case for a prescribed period of time to prevent her from further engaging in her continuous abuse of the bankruptcy process. Section 105(a) provides in pertinent part:

> The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title. . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to. . .prevent an abuse of process.

11 U.S.C. § 105.

In *In re Rainbow Magazine, Inc.,* 77 F. 3d 278, 284 (9th Cir. 1996), the Ninth Circuit recognized that in enacting section 105(a), Congress statutorily granted the inherent powers of Article III courts to bankruptcy courts. While the issue in Rainbow Magazine was whether the bankruptcy court has the authority to assess monetary sanctions against bad faith litigants beyond the scope of rule 9011, the holding in the case is sufficiently broad to encompass any action the Court may take in maintaining the integrity of the system, so long as it is not specifically limited by statute. *Rainbow Magazine*, 77 F. 3d at 284-85, citing *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991). For example, a finding of bad faith is generally considered sufficient "cause" for the imposition of a bar to re-filing pursuant to § 105 for a period that exceeds 180 days. See *In re Mehlhose*, 469 B.R. 694, 712 (Bankr. E.D. Mich. 2012) (citations omitted); *In re Craighead*, 377

B.R. 648, 657 (Bankr. N.D. Cal. 2007).

This Debtor, along with her son Vikram, has acted in bad faith by filing multiple case cases to the substantial detriment of Movant and potentially other creditors if any exist. The Debtor's misconduct in failing to prosecute the prior cases demonstrates that the Debtor is simply using the Bankruptcy Court as a convenient safe haven to live rent free in Movant's property and to prevent Movant from proceeding with the Unlawful Detainer Action. The Debtor has filed five (5) Chapter 13 cases (including this most recent filing) in the last 6 years and all of them have been dismissed for either failure to file required documents or pay fees prior to the Debtor confirming a Chapter 13 Plan.  This current case is just a further step in the Debtor's continued abuse of the bankruptcy system.  Debtor's bad faith is further evidenced by her most recent filing seeking reconsideration of the Court's order dismissing her case for failure to comply with the Court's Order Re Extension of Time to File Schedules.  This latest shenanigan by the Debtor is nothing more than a continued abuse of the bankruptcy process, a demonstration of a lack of respect for the process and court orders, and an attempt to prevent a longer refiling bar as provided for in 11 U.S.C. Sections 105 and 349.

The Court should exercise its inherent powers under § 105(a) to bar the Debtor from re-filing any new bankruptcy cases for a period of two years, on the basis that: 1) the Debtor has been a serial bankruptcy filer as set forth above; and 2) the Debtor has failed to prosecute this current case, consistent with her failure to prosecute her previous cases, while she seeks to remain in the Real Property of the Movant. The Debtor's conduct is a blatant abuse of the bankruptcy system.

**B.      The Court Has the Inherent Power to Impose a Bar to Re-filing Pursuant to 11 U.S.C. Section 349(a).**

The court has discretion under 11 U.S.C. Section 349(a) to preclude future filings.  That section provides "[u]nless the court for cause, orders otherwise, "dismissal of a case is without prejudice to future filing."  See *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999) (§349(a) authorizes a bankruptcy court to dismiss a case with prejudice).  The requisite §349(a) cause for entering a dismissal with prejudice, which is not further defined in the Bankruptcy Code, is governed in the Ninth Circuit by the "totality of the circumstances," including whether the debtor

made misrepresentations, the debtor's history of filing and dismissals, whether the debtor only intended to defeat state court litigation, and whether egregious behavior is present. Id., at 1224.

The Ninth Circuit in *In re Eisen,* 14 F.3d 469, 470 (9th Cir. 1998) set forth factors the bankruptcy court should consider as cause for dismissal of a Chapter 13 petition with prejudice involving the application of the totality of the circumstances test. The factors are:

(1) Whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," Id. (citing *In re Goeb,* 675 F.2d 1386 (9th Cir. 1982));

(2) "the debtors history of filings and dismissals" Id. (citing *In re Nash,* 765 F.2d 1410, 1415 (9th Cir. 1985));

(3) Whether "the debtor only intended to defeat state court litigation," Id. (citing *IN re Chinichian,* 784 F.2d 1440, 1445-46 (9th Cir. 1986)); and

(4) Whether egregious behavior is present, *Tomlin* 105 F.3d at 937; *In re Bradley,* 36 B.R. 425, 432 (Bankr. C.D.Cal 1984).

In the present case, the "totality of the circumstances" warrant and support dismissal of the Chapter 13 case with prejudice to future filings for a period of two years.

(1) The Debtor Has Unfairly Manipulated the Bankruptcy Code.

The Debtor and her relatives have repeatedly manipulated the Bankruptcy Code to thwart creditors. The Debtor has filed five (5) bankruptcy cases to obtain the benefits of the automatic stay without even filing schedules and required documents and ignoring the mandates of the Bankruptcy Code and court orders.

(2) The Debtor Has a Long History of Filing Dismissals.

As set forth above, the Debtor has filed five (5) Chapter 13 cases since 2019. All of the cases have been dismissed for either failure to file the required documents or to pay the filing fee. The Debtor has never filed a Chapter 13 Plan let alone confirmed a Chapter 13 Plan in any of her bankruptcy cases.

(3) The Debtor's Multiple Filings Have Been an Attempt to Thwart Movant's State Court Rights.

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.

1970 Broadway, Suite 600  Oakland, California 94612

The Debtor's filings have all interfered with the Movant's right under state court in an ongoing scheme to live in a property without paying any obligations related to said property. The most recent filing in the Debtor's long list of filings was designed to throw a wrench into a state court unlawful detainer action filed by Movant to gain possession of certain real property following a foreclosure sale and the Debtor's unlawful possession of the Real Property after the foreclosure sale. The Debtor's reliance on trying to claim she had the absolute right to dismiss her case is to no avail. As to the Bankruptcy Appellate Panel for the Ninth Circuit stated in *In re Duran v. Rojas,* 630 B.R. 797, 816; "[I]n the end, the debtors "right" to dismiss under §1307(b) does not immunize the debtor from the consequences of an adverse §349 determination."

    (4) <u>The Debtor's Behavior Is Egregious</u>.

The Debtor obtained a loan from Movant of $1,060,000 secured by deed of trusts against Real Property located in Alameda County. The Debtor never made a payment on the loan. Movant foreclosed on its deed of trust in 2020 and became the owner of the Real Property. The Debtor and family members have refused to vacate the property. Movant has a pending state court unlawful detainer action. The Debtor's multiple filings have been designed to initially stall a foreclosure sale and now an eviction all while not paying a penny to Movant and forcing Movant to incur substantial attorneys' fees and costs in dealing with Debtor's egregious behavior and abuse of the Bankruptcy Code and court orders.

### III. CONCLUSION

It is respectfully submitted that the Court has the power under both 11 U.S.C. Sections 105 and 349(a) to enter an order that prevents future filings by the Debtor for a period of two (2) years.


Dated: June_3, 2025                 Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.


                                        By:/s/ Eric A. Nyberg
                                         (Bar No. 131105)
                                         Attorneys for Creditor Milestone Financial, LLC dba MERS FUND I