

The following constitutes the order of the Court.
Signed: June 10, 2025

_____
**William J. Lafferty, III
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Beena Srinivasan,<br><br><br>Debtor. | Case No. 25-40627 WJL<br><br>Chapter 13 |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On April 11, 2025, Debtor Beena Srinivasan (the "Debtor") filed a Chapter 13 Voluntary Petition for Individuals in the above-captioned case. (Dkt. #1). The petition was skeletal and incomplete as it was filed without the required schedules and statements. The complete filing was due by April 25, 2025 (Dkt. #7). On April 25, 2025, the Debtor filed a Motion to Extend Time to File Schedules, Statements of Financial Affairs, Plan of Reorganization and Related Materials, seeking a 24-day extension to the deadline. (Dkt. #15). On April 29, 2025, the Court granted the Motion and gave the Debtor until May 14, 2025 to submit the missing required documents. (Dkt. #19). On May 7, 2025, Creditor Milestone Financial, LLC (the "Creditor") filed a Motion for Relief from Stay, which included a request

that the Court bar the debtor from refiling for one year, due to an alleged pattern of bad faith filings. (Dkt. #22).

On May 12, 2025, the Chapter 13 Trustee informed the Court that the Debtor had failed to provide a copy of their federal income tax documents and copies of Payment advices/paystubs and/or Certification pursuant to Amended General Order 32. (Dkts. #25, 26). On May 14, 2025, the Debtor filed a Motion to [Voluntarily] Dismiss Chapter 13 Case. (Dkt. #31). On May 16, 2025, the Court entered an Order and Notice of Dismissal for Failure to Comply, dismissing Debtor's case for failure to submit required documents (the "Dismissal Order"). (Dkt. #35).

On May 30, 2025, the Debtor filed a Motion to Reconsider and To Amend (the "Motion"), requesting the Court amend the Dismissal Order and deem dismissal of the case as voluntary, rather than for failure to comply with the extended deadline. (Dkt. #41). The Debtor was candid about their goal in obtaining this relief—If the basis of the dismissal is failure to comply, §109(g)(1) may inhibit the Debtor's ability to file future cases within the next 180 days. For that very reason, the Creditor responded to the Motion and urged the Court to deny the Motion on the theory that the Debtor's previous and current filings show a pattern of a failure to meaningfully prosecute cases or comply with court orders, making the restrictions set forth in §109(g)(1) appropriate. (Dkt. #49). The Court agrees that the Debtor's multiple filings, failure to fully prosecute, and similar conduct in this case make it appropriate to dismiss the case for the reasons set forth in the Dismissal Order and to deny the motion for reconsideration. Accordingly, the Court HEREBY DENIES the Motion to Reconsider.

**\*\*END OF ORDER\*\***

# COURT SERVICE LIST

**Beena Srinivasan**

45752 Bridgeport Dr

Fremont, CA 94539