Beena Srinivasan, Pro Se
45752 Bridgeport Drive
Fremont, CA, 94539
Bsone9six3@gmail.com
510-519-4064



FILED
JUN 18 2025
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

In re

BEENA SRINIVASAN,

Debtor

Case No.: 25-40627

**DEBTOR'S OPPOSITION TO MOTION FOR REFILING BAR**

HEARING DATE: June 25th. 2025
TIME: 10:30 AM
Ctrm: 220
U.S. Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

The Debtor respectfully requests the Court to deny the Movant's request for a 2-year bar because such a remedy is unwarranted by the facts alleged and because the Debtor is already subject to an ongoing 180-day bar. The Movant has failed to demonstrate the facts justifying a re-filing bar beyond 180-days.

# TABLE OF CONTENTS

A. TABLE OF AUTHORITIES ................................................................................. 3

B. Introduction ........................................................................................................ 5

C. Facts .................................................................................................................... 5

D. Argument ............................................................................................................ 6

    1. Legal Standard ............................................................................................ 6

    2. *Leavitt* Factors as Applied in the Instant Matter ....................................... 6

        a) *Leavitt* Factor 1 ............................................................................... 6

        b) *Leavitt* Factor 2 ............................................................................... 7

        c) *Leavitt* Factor 3 ............................................................................... 7

        d) *Leavitt* Factor 4 ............................................................................... 8

        e) Other Factors: .................................................................................. 9

        f) Milestone's Own Egregious Conduct Should Not be Discounted 14

    3. Construction of §§ 349 and 109 ............................................................... 15

    4. Policy and Other Cases of Egregious Conduct ........................................ 16

    5. No Willfulness in Failure to Comply ....................................................... 17

    6. The Real Issue Is the Automatic Stay ...................................................... 19

E. Conclusion ........................................................................................................ 19

## A. TABLE OF AUTHORITIES
### Cases

*(In re Powell*, 119 F.4th 597 (9th Cir. 2024......................................................................... 11

*Duran v. Gudino (In re Duran)*, 630 B.R. 797, 804 (9th Cir. B.A.P. 2021)..................... 14

*Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1103 (10th Cir. 1991) ............. 18

*Hayward v. Superior Court* (2016) 2 Cal.App.5th 10, 45. ................................................. 8

*In re Brest-Taylor*, 572 B.R. 750 (Bankr. E.D. Cal. 2017)............................................... 19

*In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007).......................................... 19

*In re Duran v. Rojas*, 630 B.R. 797, 810 (B.A.P. 9th Cir. 2021)....................................... 6

*In re Gutierrez*, 2019 WL 406632 (9th Cir. BAP Jan. 31, 2019) ..................................... 19

*In re Hensley*, 249 B.R. 318 (Bankr.W.D.Okla.2000)...................................................... 13

*In re Kelly*, 649 B.R. 448 (Bankr. W.D. Pa. 2023) ........................................................... 13

*In re Kinney*, 51 B.R. 840 (Bankr.C.D.Cal. 1985)............................................................ 19

*In re Larsen*, 2023 WL 4163461 (Bankr. D. Idaho June 23, 2023).................................. 20

*In re Schachtele*, 343 B.R. 661 (B.A.P. 8th Cir. 2006).................................................... 13

*In re Whitmore*, 225 B.R. 199 (Bankr. D. Idaho 1998) .................................................... 15

*In re Yensen*, 187 B.R. 676 (Bankr.D.Idaho 1995).......................................................... 20

*Kulick v. Leisure Vill. Ass'n, Inc. (In re Kulick)*, BAP No. CC-22-1114-FRL, 2022 WL 17848939, at *3 (9th Cir. BAP Dec. 16, 2022)............................................................. 19

*Law v. Siegel*, 134 S.Ct.1188 (2014) ................................................................................ 15

*Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999).................................. 6

*Nichols v. Marana Stockyard & Livestock Market, Inc. (In re Nichols)*, 10 F.4th 956 (9th Cir. 2021) ............................................................................................................... 15

*Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano* (2020) 140 S.Ct. 696, 700 ........ 7

*Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008).................................. 14

### Statutes

11 U.S.C. § 1129................................................................................................................. 12

11 U.S.C. § 1307(b)............................................................................................................ 13

11 U.S.C. § 1325................................................................................................................. 11

11 U.S.C. § 349 .................................................................................................... 10

11 U.S.C. Section 521 ......................................................................................... 10

C.C.P. § 170.1 ........................................................................................................ 6

## B. Introduction

Milestone Financial, LLC ("Milestone") is seeking the extraordinary relief of a 2 year bar against from filing a successive bankruptcy within the next 2 years. Such a request is ordinarily an extreme remedy, and is completely unwarranted. Milestone's animosity is evident from the fact Milestone has conjured up facts from nothing to support the motion.

All Milestone is attempting to do is muddy the water and overreaching in its request. The evidence is wholly lacking and what little evidence Milestone actually provides contradicts Milestone's recitation of the facts. A simple pre-filing inquiry would have clearly demonstrated that many of the facts Milestone claims are simply false. Meanwhile, tt is important to note the Debtor does not contest a six-month bar pursuant to either 11 U.S.C. § 109(g)(1) or (g)(2), but the Debtor believes a bar beyond this is unjustified.

## C. Facts

1. The Debtor filed the instant petition on April 11, 2025.

2. The Debtor filed for an extension of time to file schedules. The Court granted the request on

3. Milestone filed its motion for relief from stay on May 7, 2024.

4. The Debtor filed for a voluntary dismissal on May 14, 2024.

5. On May 16, 2025, the Court entered dismissal based on a failure to comply with the order extending time to file schedules.

6. The Debtor also objected to Milestone's relief from stay motion. Part of the objection was lack of notice where the Debtor was arguing in part that while 14-day notice was sufficient, Milestone's selection of May 21, 2025 as a hearing date was a deliberate ploy to circumvent complying with the rules mandating an additional 3-days for service by first class mail.

7. The Court granted the motion in part, but found more notice was required for a request for the request for a refiling bar. Accordingly, the Court gave Milestone until June 4, 2025 to file the motion for a bar, gave the Debtor until June 18, 2025 to file an opposition, with the hearing to occur on June 25, 2025.

8. On May 30, 2025, the Debtor filed a motion for reconsideration of the dismissal order entered, believing the case should be dismissed pursuant to the Debtor's absolute right of dismissal pursuant to § 1307(b) rather than a failure to comply with an order extending time to file schedules.

### D. Argument

#### 1. Legal Standard

"The governing standard for § 349(a) bad faith is totality of circumstances determined through a [non-exhaustive] four-consideration matrix:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.

*Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).*

Consideration of the totality of the circumstances means that these four considerations are not essential elements and need not be computed with arithmetic precision. For instance, a bankruptcy could be found to have been filed in § 349(a) "bad faith" even though the debtor had no prior bankruptcy case." *In re Duran v. Rojas*, 630 B.R. 797, 810 (B.A.P. 9th Cir. 2021)

#### 2. *Leavitt* Factors as Applied in the Instant Matter

##### a) *Leavitt* Factor 1

The Debtor has not misrepresented the facts in his petition or any other, nor did he file the bankruptcy in order to take advantage of the automatic stay.

In order to support this proposition Milestone is claiming without supporting evidence there was a failure on the party of the Debtor to prosecute. All of this was alleged without any evidentiary support/

Milestone is essentially requesting the Court enter an nunc pro tunc order which seeks to recreate the record into something that is not. Such an order is expressly disallowed by the Supreme Court's holding in *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano* (2020) 140 S.Ct. 696, 700.

### b) *Leavitt* Factor 2

Despite Milestone's frivolous statements to the contrary, none of the Debtor's prior bankruptcies were Chapter 13s. Therefore the Debtor was never required to propose let alone failed to have a Chapter 13 plan confirmed.

The Debtor's prior bankruptcies were all legitimate and had the express purpose of reorganizing the estate. The Debtor and her husband were close to securing a loan to refinance the property which would have been submitted to the bankruptcy court as part of the Chapter 13 plan for approval. Unfortunately Covid-19 made the loan impossible.

The instant case was filed due a commercial lease dispute and the diminishing of the marital estate by her husband.

### c) *Leavitt* Factor 3

The claim the bankruptcy was filed to thwart state court litigation is ridiculous. The unlawful detainer action was still in nascent phase at the time of filing without any answers, competing requests for trial, without any discovery propounded or requested by either side, and penidng motions to dismiss filed by the Debtor.

The Debtor filed a request challenge the judicial officer assigned pursuant to C.C.P. § 170.1. This was served on April 17, 2025 and the judge failed to respond within the mandatory 10 days

and as a matter of law, the facts contained inside the challenge are deemed true and therefore the Court is deemed to have consented to challenge. *Hayward v. Superior Court* (2016) 2 Cal.App.5th 10, 45.

Because the facts arising to the challenge arise from the earlier action in 2022, any order entered thereafter is void. Accordingly, the order denying the motion to quash – decided without a hearing – is void and the Debtor is seeking relief to this effect.

The only supposed evidence proffered that somehow the automatic stay hindered the unlawful detainer action is that Court was "about to set the case for trial". This is a false statement. Milestone's state court counsel filed an improper request for a trial filed 185 days after the deadline had passed. Moreover, the State Court found it could not set the case for trial because there were pending matter before the State Court such as the Reconsideration of the Motion to Quash and the motions to dismiss. The State Court also found there were no answers before the Court and competing requests for trial which made it improper to set the case for trial at that time. William Stuart ("Stuart"), Milestone's authorized agent, did not attend the April 14, 2025 hearing in state court on time. He appeared after over half the hearing was over and was not a witness to any discussions regarding the case being set for trial.

Moreover, the Debtor has specifically offered a stipulation to relief from stay more than once to Milestone for both this unlawful detainer and any future unlawful detainer action. This was summarily rejected by Milestone.

### d) *Leavitt* Factor 4

Egregious behavior Milestone is alleging is lacking. Instead of point to specific – and more importantly real – examples of the Debtor's alleged egregious conduct, Milestone goes on a tangential diatribe citing other cases where there has been egregious conduct. Not one of the factual pattern in any of those cases resemble the fact pattern in the instant matter.

Case: 25-40627  Doc# 52  Filed: 06/18/25  Entered: 06/18/25 17:10:48  Page 8 of 20
DEBTOR'S OPPOSOTION TO MOTION FOR REFILING BAR
8

In fact, Milestone shockingly failed to even alleged the Debtor and her son – a debtor in her own Chapter 13 – acted in concert to thwart Milestone. Cases like Craighead etc involved

Here had the Debtor and her son really attempted to thwart Milestone, they would have staggered their filing delaying Milestone for months further. This is simply a claim built on pure innuendo supported by a fictitious record existing only in the minds of Milestone.

### e) Other Factors:

Milestone offers little to no evidence, but littered throughout the motion are factually frivolous statement whose sole purpose is to manufacture a record to support a factually devoid motion. There are ten factually frivolous arguments which a reasonable prefiling inquiry would reveal lacked any foundational support.

*Milestone Falsely Alleges The First Deed of Trust Matured and that Milestone had to Protect their Interest*

1. Docket No. 45 , ¶ 13:

> As noted, the Real Property was subject to an existing first deed of trust. Following the foreclosure sale, the loan secured by the first deed of trust matured by its terms and Movant was required to refinance and repay that senior lien in order to protect Movant's interest in the Real Property.

Again, these allegations were not made "on information and belief." Milestone has no evidence to claim the first loan "matured by its terms". The fact of matter is that for 11 months **after** the foreclosure the Debtor's parents continued to timely make their required monthly payments on the this first mortgage, through which the property insurance and property tax were also covered. The promissory note for this mortgage clearly indicates the first position loan matures in September 2027. (Exhibit 4, ¶ 3(A)). Notably absent is any term in the note which indicated a foreclosure of junior lien would trigger a default. (Exhibit 4, ¶ 6). No maturation of this loan ever occurred.

DEBTOR'S OPPOSOTION TO MOTION FOR REFILING BAR
9

It is also worth noting the alleged payoff occurred in May 2021, 11 months after the foreclosure and no notice of default from the lender was ever recorded. This only further discredits the proposition this loan matured by its own terms prompting Milestone to take action to protect its own interests. Opposing Counsel does not attempt to argue the alleged foreclosure caused the first loan to mature. The reality it the loan was still maturing in 2021 when Milestone obtained a loan on the subject property.

This is just another frivolous claim by Milestone to further imply bad faith on the part of the Debtor – by claiming above he was obligated on Milestone's loan – and the Debtor's parents, when in fact for 11 months the Debtor's parents safeguarded Milestone's interest by making timely payments each month.

*Milestone Falsely Alleges the Debtor Failed to Comply with Order [Docket No. 26]*

2. Docket No. 45 ¶ 22 reads:

> On May 12, 2025, the Court entered an Order and Notice Regarding Failure of Debtor(s) to Submit a Copy of Their Federal Income Tax Return(s) to the Trustee as Required by 11 U.S.C. Section 521(e)(2)(A)(i) [Docket No. 26]. The Debtor failed to comply with the Order.

This allegation is frivolous as it calls for an unreasonable interpretation of existing law. It is well established a dismissal obviates the need for further compliance. The order entered requires the Debtor to cure this defect within 14 days. However, the case was dismissed four days later on May 16, 2025. This dismissal vacates the requirement to comply with this Court order. 11 U.S.C. § 349 indicates that the dismissal effectively resets the debtor's obligations under the bankruptcy code, unless specific conditions are imposed by the court.

The voluntary dismissal under 11 § 1307(b) takes precedence, and the debtor is not required to file the schedules or other documents that would otherwise be due. (*In re Whitmore*, 225 B.R. 199 (1998)). The voluntary dismissal effectively terminates the case, and the statutory

requirements for filing documents are no longer applicable (*In re Powell*, 119 F.4th 597 (9th Cir. 2024)). Arguments lacking a reasonable basis in law or fact can be considered frivolous and subject to sanctions (*In re Slaughter*, 191 B.R. 135 (1995)).

Leaving this aside, Milestone's Counsel just speculates the order was not complied with and did not check with either the Trustee or the Debtor. The Debtor did in fact provide the missing information to the Chapter 13 Trustee on. (Exhibit 5). Had the Milestone's Counsel bothered to check with the trustee, prior to including this baseless allegation, the he would have found the Debtor did in fact comply with the spirit of the law in spite of the Debtor's already filed voluntary dismissal.

Like the above allegations, the mere inclusion of this allegation is designed to manufacture bad faith conduct by the Debtor when in fact the Debtor complied – even when no longer obligated to do so. The only reason why Milestone is including this allegation is to further support a finding of **willful** failure to obey the orders of the court to justify a longer bar under § 109(g)(1).

*Milestone Falsely Alleges the Debtor Motion for Reconsideration of Dismissal Entered on May 16, 2025 is a Further Abuse of Process*

3. Docket No. 45 Page 7, Line 10-15 reads:

   Debtor's bad faith is further evidenced by his most recent filing seeking reconsideration of the Court's order dismissing his case for failure to comply with the Court's Order Re Extension of Time to File Schedules. This latest shenanigan by the Debtor is nothing more than a continuedabuse of the bankruptcy process, a demonstration of a lack of respect for the process and court orders, and an attempt to prevent a longer refiling bar as provided for in 11 U.S.C. Sections 105 and 349.

4. Docket No. 45 Page 9, Lines 5-8 reads:

   The Debtor's reliance on trying to claim he had the absolute right to dismiss his case is to no avail. As to the Bankruptcy Appellate Panel for the Ninth Circuit stated in In re Duran v. Rojas,630 B.R. 797, 816; "[I]n the end, the debtors "right" to dismiss under §1307(b) does not immunize the debtor from the consequences of an adverse §349 determination."

Opposing Counsel should save the above argument for an Opposition to the Debtor's Motion for Reconsideration. But should be aware Milestone likely lacks standing to object to a Debtor's absolute right to dismiss a previously unconverted Chapter 13.

At the hearing Counsel himself revealed he believes the case was dismissed voluntarily rather than through a failure to file documents. Nevertheless, persists in making more frivolous allegations by claiming here the Debtor's move to protect and exercise the absolute right of dismissal is a "shenanigan". While failing to explain any basis for his claims, the Opposing Counsel relies upon a 9th Circuit BAP Opinion, *Duran v. Gudino (In re Duran)*, 630 B.R. 797, 804 (9th Cir. B.A.P. 2021). However, this case relies heavily on *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008), which was overruled by the 9th Circuit Court of Appeals in *Nichols v. Marana Stockyard & Livestock Market, Inc. (In re Nichols)*, 10 F.4th 956 (9th Cir. 2021) following the Supreme Court's Ruling in *Law v. Siegel*, 134 S.Ct.1188 (2014). *Law* held the bankruptcy court's equitable powers cannot contravene explicit provisions elsewhere in the code and *Nichols* reevaluated its past holdings finding the Debtor's right to dismiss a Chapter 13 to be absolute without any judicial discretion. Moreover, a voluntary dismissal under 11 U.S.C. § 1307(b) takes precedence, and the debtor is not required to file the schedules or other documents that would otherwise be due. (*In re Whitmore*, 225 B.R. 199 (Bankr. D. Idaho 1998)).

*Milestone Falsely Alleges that ALL of the Debtor's Filings Have Interfered with their Rights in the State Court*

5. Docket No. 45 Page 7 Line 2-6 reads:

> This Debtor, along with her son Beena, has acted in bad faith by filing multiple case cases to the substantial detriment of Movant and potentially other creditors if any exist. The Debtor's misconduct in failing to prosecute the prior cases demonstrates that the Debtor is simply using the Bankruptcy Court as a convenient safe haven to live rent free in Movant's property and to prevent Movant from proceeding with the Unlawful Detainer Action.

6. Docket No. 45 Pages 8-9, Lines 28-5 (8:28-5:9) 22 reads:

The Debtor's filings have all interfered with the Movant's right under state court in an ongoing scheme to live in a property without paying any obligations related to said property. The most recent filing in the Debtor's long list of filings was designed to throw a wrench into a state court unlawful detainer action filed by Movant to gain possession of certain real property following a foreclosure sale and the Debtor's unlawful possession of the Real Property after the foreclosure sale.

The allegations are so specious it is difficult to understand how an attorney could verify them when he signed and presented them to the Court. The issue with these allegations is a simple of issue of timing. The Debtor's 2019 Case was filed in December 2019 and the automatic stay terminated along with the case with its dismissal in February 2020. The Debtor's 2020 case was filed in December 2020, the stay terminated after 30 days on January 9, 2021, and dismissed in July 2021. And the 2021 Case was filed in August 2021, the stay terminated in September 2021b before the case was in October of 2021. Whereas Milestone's first unlawful detainer was filed in April 2021 (when no automatic was stay in effect), did not even name the Debtor as a defendant and deliberately chose to not serve on the Debtor. None of the bankruptcies ever affected Milestone's alleged rights. Milestone's entire suit, was filed in violation of local rules, CA Rules of Court and law promulgated by the Alameda County Board of Supervisors and City of Fremont.

Milestone's second and third suit were filed in 2024. There were no bankruptcies pending from anyone affecting their rights in the 2nd suit. Only the third suit did the automatic stays come into effect. This was the first any only times any bankruptcy by this Debtor affected any alleged right of Milestone.

It is simple, bankruptcies filed and dismissed years before along with their automatic stays could never affect Milestone's alleged rights. Moreover, none of the Debtor's bankruptcies ever affected Milestone's rights to either foreclose – because the Debtor was never a debtor to

Milestone – or conduct a **proper** unlawful detainer because they were dismissed years before the instant action, and the stays were terminated so as not even to affect the 1st unlawful detainer.

Every single of the preceding six factual statements are completely devoid of any evidentiary basis. Each statement though is intended to cast the Debtor in the most negative light possible while increasing the supposed harm and prejudice Milestone has allegedly suffered. The simple truth is the statements, collectively, are Milestone's attempt to manufacture a record out of thin air to support the unsupportable.

### f) Milestone's Own Egregious Conduct Should Not be Discounted

Milestone's conduct in relation to the Debtor has been anything but ethical. Milestone has consistently provided false information under penalty of perjury. Most egregiously, Milestone represented the first unlawful detainer action as an forcible detainer action and therefore exempt from Alameda County's eviction Moratorium. In so doing, Milestone fraudulently induced the state court into violating the Moratorium and issuing a summons. This complaint was never served and Milestone then amended to plead an unlawful detainer, again specifically claiming it was exempt without once ever stating which of the exceptions applied.

Had Milestone pled the action an unlawful detainer, in the first instance it would have triggered the state court to give notice to the defendants and conduct an ex parte hearing allowing the defendants to argue why a summons should not be issued. Milestone's actions constitutes nothing short of extrinsic fraud. Had the original complaint been pled as the subsequent complaints, a summons would have issued. Milestone held themselves above the Moratorium, applying to themselves, a self-created exception applying only to Milestone. A full recitation of all Milestone's falsehoods are in the debtor's motion to vacate the judgement filed in the state court. It is incorporated by reference here. Milestone never opposed any of the factual

allegations contained in the motion. The state court ruled on December 6, 2023, Milestone violated the Moratorium. Milestone judicially admitted in a filing to the Moratorium was violated and the case lacking jurisdiction.

### 3. Construction of §§ 349 and 109

The remedy to bar a debtor from filing a successive bankruptcy is an extreme remedy of itself. It is well established a party's right to petition a court for relief is constitutionally protected activity under the 1st Amendment. While the right to petition the Court is protected activity, there is no constitutional right to a discharge, being a legislative construct. Cite. §§ 349 and 109 work in tandem and appear to be designed to balance the competing interests of preventing abuse while at the same time not denying access to the courts for honest but unfortunate debtors who can demonstrate a legitimate need for relief.

§ 109 specifically mentions the imposition of a 180-day bar. Using their equitable power under § 105, the Courts have imposed deadlines exceeding 180 days for egregious conduct.

It is worth noting there is a distinction amongst the Circuits as to whether a bar longer than a 180 days is permissible. The distinct minority view is encapsulated in the 10th Circuits decision in *Frieouf v. United States (In re Frieouf), 938 F.2d 1099, 1103 (10th Cir.1991)*. There the Court took a strict textualist reading of the statute finding the two clauses of § 109(g) preclude a bar greater than 180 days. This is a holding unique to the 10th Circuit. The Supreme Court denied review of *Frieouf*.

Yet in the 30 years since *Frieouf* was decided there has been a considerable textualist shift in the Supreme Court. Even the bankruptcy context, the Supreme Court has curtailed the equitable powers under § 105 where the equitable powers would contravene express provisions found elsewhere in the Code. See Law v Siegel.

In *Law*, the Supreme Court held § 105 cannot contravene other provisions found elsewhere in the code. The provision being contravened was a Chapter 13's Debtor absolute right to a voluntarily dismissal under § 1307(b), which is subject to only one statutory exception. The holding in *Law* which unambiguously clarified the Supreme Court's ruling in Marama. The holding required the 9th Circuit to supersede its own prior holding in *In re Rosson* in *In re Nichols*.

Given the fact *Law* was unanimous and six of the justices who presided in that case remain on the Court today, it is not implausible to believe a stricter approach to the text of §§ 349 and 109 is warranted in light of *Law*. What is beyond any dispute is that the imposition of a 180-day bar is clearly authorized by statute whether one takes the minority or majority view.

### 4. Policy and Other Cases of Egregious Conduct

In this Circuit, the typical and preferred bar is 180 days. *In re Snow*. Multiple cases exists where the court has imposed a 180 day bar for conduct far more egregious than what Milestone alleges in its motion. Similarly, in instances where the courts have imposed a greater bar, the conduct is considerably more egregious than what is found in this case.

In *In re Brest-Taylor*, 572 B.R. 750 (Bankr. E.D. Cal. 2017) a two year bar was imposed against a Debtor who had filed ten cases – six petitions in eight years, did not disclose the past filings, failed to appear at the meeting of creditors, and failed to file schedules.

In *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007), a 3-year was imposed, down from the requested 5-year bar. In this case, the court found the debtor and his family filed twenty plus cases with the debtor's filing six bankruptcies himself. The successive bankruptcies were made in concert with one another.

In *In re Kinney*, 51 B.R. 840 (Bankr.C.D.Cal. 1985), the court found eight of ten bankruptcies were filed by different member of the Kinney family as it relates to the their property in Compton, CA. And that the family members were acting as one entity.

In *In re Gutierrez*, 2019 WL 406632 (9th Cir. BAP Jan. 31, 2019), the debtor had filed thirteen cases since May 2010 and was subject to a prior 1 year bar which appears to have violated. Most of the cases were dismissed for failure to „comply with orders, attend the 341 meeting, and file schedules. The debtor's creditor, PG&E, requested a 10-year bar, but the court imposed a 1-year bar.

*Kulick v. Leisure Vill. Ass'n, Inc. (In re Kulick)*, BAP No. CC-22-1114-FRL, 2022 WL 17848939, at *3 (9th Cir. BAP Dec. 16, 2022) found egregious conduct and revised a two year bar down to end of the end of year. Here as in this case, the Debtor does not dispute a bar of 180 days but does object to a bar longer than this.

In *In re Larsen*, 2023 WL 4163461 (Bankr. D. Idaho June 23, 2023).the debtors filed three bankruptcies, and found the *Leavitt* factors weigh in favor of a bar, but that the imposition of a bar would be unnecessary as another bankruptcy filing would not have the automatic stay and that debtor was attempting to use the automatic stay to their advantage

The instant matter is unlike the above matters. Here there is no alleged concerted activity, the Debtor's prior bankruptcies never affected the petitioning creditor, and the schedules were filed into two of the prior three cases. The Debtor's situation and what Milestone alleges is most similar to the situation in *Larsen*. If Milestone is successful in achieving judgement as the claim to be, then no stay would apply. In re Perl.

### 5. No Willfulness in Failure to Comply

To be heard concurrently with the instant motion is the Debtor's motion for relief. As stated above and in the Debtor's motion in more detail, the Debtor believes the dismissal for

failure to comply with the order extending time is erroneous. If the Court were to amend the order of dismissal it is clear the 180-day bar under § 109(g)(2) is currently in effect.

If the Court is disinclined to amend the order of dismissal to reflect the Court's power to impose a re-filing bar is defined by § 109(g)(1). However, § 109(g)(1) would turn on the "willful failure of the debtor to abide by orders of the court". The order of dismissal does not explicitly find the Debtor has **willfully** violated the order extending time.

The burden of proof is on the Debtor to show their failure to abide by a court order was not willful. *In re Yensen*, 187 B.R. 676 (Bankr.D.Idaho 1995). The debtor must demonstrate their failure was due to reasonable cause and not due to willful neglect. Here, the Debtor relied on the holdings in *Law, Nichols, Powell, and Whitmore* and came to the understanding that a chapter 13 debtor's right to a previously unconverted chapter 13 is absolute. And that a dismissal takes precedence and that the Court is required to enter a dismissal. Given this it was reasonable for he Debtor to believe the dismissal would be entered as requested.

This is further supported by the fact the Debtor complied with the Court's order to provide the relevant tax information to the trustee while operating under the belief he was no longer required to due to the dismissal.

Here there is good cause to believe the Debtor believed he was not violating the order extending time by opting to voluntarily dismiss his Chapter 13 case. Cite In re Whitmore. Any violation – to the extent there was one, was not a willful violation.

It has come to the Debtor's attention that the Court has denied the Debtor's Motion for Reconsideration pursuant to Rule 59 and Rule 60, without a hearing and without affording the Debtor the ability to file a response. In denying the order, the Court seems to take Milestone's recitation of the facts as true when it is anything but. Nowhere does the Debtor ever once

declare he intends to file a bankruptcy in the next 180 days. The Debtor merely wished to correct the record and oppose a bar beyond the 180 days.

### 6. The Real Issue Is the Automatic Stay

Despite Milestone's protests and jockeying to position themselves as some great defender of the process suddenly, the real issue is simply about the automatic stay.

Milestone's own counsel admitted this was the case by stating Milestone's concern is that the Debtor will run into the bankruptcy court on the 181st day and file a successive bankruptcy. This is a concern as acute to Milestone as it is imagined. The Debtor has specifically offered to stipulate to relief from stay for this action or any future action.

The Debtor has no plans file a second bankruptcy in 180 days nor does he see a need to. But should there be a legitimate change in circumstance, the Debtor believes he should not be precluded from petitioning the Court for relief.

Frankly, Milestone's argument that it needs two years to conduct an unlawful detainer is simply ridiculous. Leaving aside their meritless state court claim and assuming Milestone was successful in getting an judgment and a writ of possession, any future automatic stay would not apply simply as a matter of law. *In re Perl* Milestone is merely trying to hijack §§§ 349, 109, and 105 by turning them into a vehicle whose sole purpose – in Milestone's mind – is to grant relief from stay.

### E. Conclusion

Milestone has not met its burden to justify a bar longer than 180 days. The Debtor has more than willing to stipulate to relief from stay. The Debtor respectfully believes the request for relief is unwarranted and should be denied and the bar should be no longer than the current 180-day bar.

6/18/25  *[signature]*

Dated  Beena Srinivasan, Pro Se