No.

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BEENA SRINIVASAN,
*Petitioner*

v.

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA,
*Respondent.*

MILESTONE FINANCIAL, LLC,
*Real Party in Interest.*

Proceedings of the United States Bankruptcy Court
Case No. 25-40627 WJL, related with 25-40628-WJL
Hon. William J. Lafferty, III
Dept. 220; Tel.: (510) 879-3530

PETITION FOR WRIT OF MANDATE

*Timothy M. Kowal
Teddy T. Davis
Ryan Merker
KOWAL LAW GROUP, APC
2901 West Coast Highway, Suite 200
Newport Beach, CA 92663
Telephone: (949) 676-9989
Facsimile: (949) 676-9995
Email: tim@kowallawgroup.com
*Attorneys for Petitioners Vikram and Been Srinivasan (petitions
filed concurrently)*

1

## CERTIFICATE OF INTERESTED PARTIES (FRAP 26.1)

Under FRAP 26.1 and Circuit Rule 26.1-1, I make the following disclosures:

1. I disclose the following information required by FRAP 26.1(a) and/or Circuit Rule 26.1-1(b) for any nongovernmental corporation, association, joint venture, partnership, limited liability company, or similar entity, which is a party, prospective intervenor, or amicus curiae in any proceeding, or which the government identifies as an organizational victim below in section 2 of this form, or which is a debtor as disclosed below in section 3 of this form.

a. Does the party, prospective intervenor, amicus, victim, or debtor have any parent companies?

Unknown.

b. Is 10% or more of the stock of the party, prospective intervenor, amicus, victim, or debtor owned by a publicly held corporation or other publicly held entity?

Unknown.

2. In a criminal case, absent good cause shown, the government must identify here any organizational victim of the alleged criminal activity.

Not applicable.

3. In a bankruptcy case, the debtor, the trustee, or, if neither is a party, the appellant must identify here each debtor not named in the court of appeals caption:

The debtors are Beena Srinivasan and Vikram Srinivasan.

4. Are you aware of any judge serving on this Court who participated at any stage of the case, either in district court, administrative proceedings, or in related state court proceedings?

No.

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 2 of 43

I certify that (select only one):

[ ] this is the first disclosure statement filed in the above-referenced case by the above-identified party/parties, prospective intervenor(s), or amicus/amici, and this disclosure statement complies with FRAP 26.1 and Circuit Rule 26.1-1.

[ ] the party/parties, prospective intervenor(s), or amicus/amici submitting this supplemental disclosure statement has previously filed a compliant disclosure statement in this case, and this updated disclosure statement discloses changed or additional information.

[ X ] I have reviewed this form, FRAP 26.1, and Circuit Rule 26.1-1 and, to the best of my knowledge, have no information to disclose at this time.

Signature:  /s/ Timothy M. Kowal     Date:  October 20, 2025 

3

## CERTIFICATE OF RELATED CASES (9TH CIR. R. 28-2.6; 21-3)

The undersigned attorney or self-represented party states the following:

[ ] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ X ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

*In re Beena Srinivasan*, Chapter 13 Case No. 25-bk-40627, United States Bankruptcy Court for the Northern District of California.

*Beena Srinivasan v. Milestone Financial, LLC*, 9th Circuit BAP Appeal No. 25-1119, United States Bankruptcy Appellate Panel of the Ninth Circuit

*Beena Srinivasan v. Milestone Financial*, LLC, 9th Circuit BAP Appeal No. 25-1156, United States Bankruptcy Appellate Panel of the Ninth Circuit

*In re Vikram Srinivasan*, Chapter 13 Case No. 25-bk-40628, United States Bankruptcy Court for the Northern District of California.

*Vikram Srinivasan v. Milestone Financial, LLC*, 9th Circuit BAP Appeal No. 25-1122, United States Bankruptcy Appellate Panel of the Ninth Circuit

*Vikram Srinivasan v. Milestone Financial, LLC*, 9th Circuit BAP Appeal No. 25-1160, United States Bankruptcy Appellate Panel of the Ninth Circuit

Signature: _/s/ Timothy M. Kowal_          Date: _October 20, 2025_

# TABLE OF CONTENTS

Page

**PETITION FOR WRIT OF MANDATE**................................................ 1

Certificate of Interested Parties (FRAP 26.1) ............................... 2

Certificate of Related Cases (9th Cir. R. 28-2.6; 21-3)................... 4

Table of Contents ...................................................................... 5

Table of Authorities ................................................................. 8

Petition for Writ of Mandate ...................................................... 11

I.      Introduction.................................................................. 11

II.     Relief Sought ............................................................... 14

III.    Issues Presented ......................................................... 15

IV.   Jurisdiction and Parties .............................................. 16

    A.   Jurisdiction ............................................................ 16

    B.   Respondent court and case below ....................................... 16

    C.   Parties ................................................................ 16

    D.   Related proceedings and adequacy of review.................... 17

    E.   Service and venue ....................................................... 17

V.     Statement of the Case ................................................. 17

    A.   Filing and initial deadlines .............................................. 18

    B.   Stay-relief motion and debtor's voluntary dismissal........ 18

    C.   Court's *sua sponte* dismissal two days later ..................... 18

    D.   Separate refiling-bar proceedings...................................... 19

    E.   Prejudice................................................................ 20

VI.   Legal Standard............................................................ 21

VII.  Reasons for Granting the Writ.................................... 23

    A.   Ordinary appeal will not prevent the continuing injury,
and the refiling bar inflicts non-remediable harm. .......... 24

        1.   Appeal cannot timely restore the lost protections of
bankruptcy or lift the refiling bar................................. 25

        2.   The ongoing deprivation of bankruptcy protection cannot
be remedied on appeal.................................................... 25

3. The prejudice is structural and continuing, not a routine litigation burden. ............................................. 26

B. The one-year refiling bar exceeds the Bankruptcy Code's text and the bankruptcy court's equitable authority .................................................................. 27

1. Section 1307(b) mandates immediate, unconditional dismissal, and courts may not penalize that absolute right with post-dismissal refiling disabilities. .............. 28

2. Section 349(a)'s grammar and structure do not authorize a refiling bar beyond 180 days. ...................................... 28

(i) The semicolon divides two independent clauses with separate qualifiers. .......................................................... 29

(ii) The disjunctive "nor" confirms that the second clause stands independently even if "for cause" applied across the semicolon. ........................................................................ 30

(iii) Canonical rules of construction confirm that Section 349(a) limits refiling prejudice solely to Section 109(g). .... 30

3. Section 109(g) supplies the exclusive ceiling for any refiling disability—Section 105(a) cannot supply equitable power the Code withholds ............................. 32

4. Any refiling bar must run from the date of dismissal, and starting it from a later hearing unlawfully lengthens the sanction. ........................................................................ 33

C. This petition raises an important and recurring question: May a court impose a refiling bar exceeding Section 109(g)'s 180-day limitation? .................................. 34

1. The statutory question is unresolved and recurring. .... 34

2. The recurring procedural defect warrants supervisory clarification. ................................................................... 35

3. Clarification will ensure uniform, text-based application of the Code .................................................................... 35

D. Extraordinary relief is warranted under the *Bauman* framework. ...................................................................... 36

1. The first two *Bauman* factors—immediate harm and inadequate appellate remedy—are satisfied .................. 36

2. *Bauman* factor 3—clear and purely legal error—warrants mandamus relief without the need for further factual development. ...................................................... 37

3. The remaining factors—likelihood of recurrence and systemic importance—also favor relief ......................... 38

4. The balance of factors demonstrates that mandamus is necessary and restrained. ............................................. 38

VIII. Requested Disposition ........................................................ 39

6

Certificate of Compliance (FRAP 32(g)) ....................................... 41

Certificate of Service (FRAP 21(a)(1), (b)) ................................... 43

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 7 of
43

Page(s)

## CASES

*Bauman v. U.S. Dist. Ct.*,
  557 F.2d 650 (9th Cir. 1977) ......................16, 17, 20, 21, 24

*In re Beena Srinivasan, Chapter 13 Case*,
  No. 25-bk-40627......................................................................4

*In re Casse*,
  198 F.3d 327 (2nd Cir. 1999) .........................................22, 34

*Cheney v. United States District Court*,
  542 U.S. 367 (2004) ............................................................21

*In re Craighead*,
  377 B.R. 648 (Bankr. N.D. Cal. 2007) .................................34

*De Long v. Hennessey*,
  912 F.2d 1144 (9th Cir. 1990) ......................................12, 25

*Duncan v. Walker*,
  533 U.S. 167 (2001) ......................................................30, 31

*In re Duran*,
  630 B.R. 797 (B.A.P. 9th Cir. 2021)....................................34

*Elgin Nursing & Rehab. Ctr. v. U.S. HHS*,
  718 F.3d 488 (5th Cir. 2013) ...............................................29

*Facebook, Inc. v. Duguid*,
  592 U.S. 395 (2021) ............................................................29

*In re Frieouf*,
  938 F.2d 1099 (10th Cir. 1991) ..................13, 20, 22, 32, 34

Case: 25-40627   Doc# 116   Filed: 10/28/25   Entered: 10/30/25 10:05:06   Page 8 of
43

*Harrington v. Purdue Pharma L.P.*,
603 U.S. 204 (2024) ............................................................ 12

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,
530 U.S. 1 (2000) ......................................................... 31, 32

*In re Kirkland*,
75 F.4th 1030 (9th Cir. 2023) ................................. 25, 26, 37

*Law v. Siegel*,
571 U.S. 415 (2014) ................................ 12, 13, 24, 32, 34, 38

*Lockhart v. United States*,
577 U.S. 347 (2016) ............................................................ 29

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ................................. 25, 26, 37, 39

*Molski v. Evergreen Dynasty Corp.*,
500 F.3d 1047 (9th Cir. 2007) ...................................... 13, 25

*In re Nichols*,
10 F.4th 956 (9th Cir. 2021) ....................... 13, 21, 24, 28, 37

*In re Ozenne*,
841 F.3d 810 (9th Cir. 2016) .............................................. 16

*In re Perl*,
811 F.3d 1120 (9th Cir. 2016) ...................................... 25, 37

*In re Powell*,
119 F.4th 602 ...................................................................... 28

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*,
566 U.S. 639 (2012) ............................................................ 31

*Ringgold-Lockhart v. County of Los Angeles*,
761 F.3d 1057 (9th Cir. 2014) ...................................... 13, 25

*In re Swift Transp. Co.*,
830 F.3d 913 (9th Cir. 2016) .............................................. 26

9

*TRW Inc. v. Andrews,*
    534 U.S. 19 (2001) ...........................................................30, 31

*United States v. Ron Pair Enters.,*
    489 U.S. 235 (1989) ..................................................................29

*In re Watkins, 2023 Bankr. LEXIS,*
    2727, 2023 WL 7448745 (B.A.P. 9th Cir. Nov. 9, 2023) ....34

**STATUTES**

Title 11 U.S.C. § 109 .....................................................11, 14, 32

Title 11 U.S.C. § 349 .........................................................14, 35

Title 28 U.S.C. § 158 ...............................................................16

Title 28 U.S.C. § 1651 .....................................................14, 16, 17

**FEDERAL RULES**

Fed. R. App. P. 21 .........................................................16, 17, 43

Fed. R. App. P. 26.1 ...............................................................2, 3

Fed. R. App. P. 29 ...................................................................41

Fed. R. App. P. 32 ...................................................................41

10

(This petition of Beena Srinivasan, filed concurrently with the petition of her son, Vikram Srinivasan, are filed concurrently and are substantively identical.)

## I. INTRODUCTION

This petition seeks mandamus relief directing the bankruptcy court to vacate its refiling bar of one-year, where the statutory maximum under Bankruptcy Code section 109(g)[1] is 180 days. Compounding its error, the bankruptcy court entered the extra-statutory refiling bar after petitioners Beena and Vikram Srinivasan exercised their absolute statutory right to dismiss under Section 1307(b). Under the plain meaning of Sections 349(a) and 109(g), the one-year refiling bar exceeds the bankruptcy court's statutory authority to enjoin access to the bankruptcy court for a period longer than 180 days.

Carefully structuring protections and remedies, Section 349(a) honors the absolute right to voluntary dismissal while imposing safeguards against abuse. Section 349(a) has two clauses—a discharge-bar protection and a refiling-bar protection—each in independent clauses, separated by a semicolon, and each containing its own exception language. Section 349(a) begins with the qualified discharge-bar protection, and then turns to the refiling-bar protection and its sole statutory exception: "Unless the court, for cause, orders otherwise, the

---

[1]    11 U.S.C. § 109(g). All sections refer to the Bankruptcy Code unless otherwise noted.

11

dismissal . . . does not bar [a subsequent] discharge . . .; nor does the dismissal . . . prejudice the debtor with regard to the filing of a subsequent petition . . . except as provided in section 109(g)."

Construing Section 349(a), as the bankruptcy court did, to crisscross the exceptions—the "for cause" exception in the first clause, in place of the "section 109(g)" exception in the second clause—violates the text and various canons of interpretation, including rendering Section 109(g)'s limited 180-day refiling bar a mere surplusage.

Rather, once the Srinivasans requested voluntarily dismissal, Section 1307(b) required that the bankruptcy court "shall dismiss" the case, and under *Law v. Siegel*, 571 U.S. 415, 421–22 (2014), the bankruptcy court could impose no sanction that contravenes or enlarges the Bankruptcy Code's statutory directives. *Accord Harrington v. Purdue Pharma L.P.,* 603 U.S. 204, 216 n.2 (2024) (reiterating that "[Section 105(a)] alone cannot justify" separate relief because it only serves to carry out authorities expressly conferred in the Bankruptcy Code).

The refiling bar greater than the 180-day maximum proscription is a structural error: it operates as a court-access injunction that inflicts per se, ongoing, and irreparable prejudice. The Ninth Circuit has long held that filing restrictions are an "extreme remedy" implicating "serious constitutional concerns," *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); they are permissible only as a "last resort" and must be narrowly

tailored, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–59 (9th Cir. 2007); *see Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) ("restricting access to the courts is a serious matter"); *In re Frieouf*, 938 F.2d 1099, 1104 (10th Cir. 1991) ("[i]nterpreting section 349(a) and section 109(g) to allow bankruptcy courts to prohibit future filings for a period greater than 180 days, not only contradicts the statute's plain meaning, but encroaches on the fifth amendment's due process and equal protection guarantees").

Here, the bankruptcy court imposed a one-year refiling bar despite the debtors' absolute right to dismiss under Section 1307(b), *In re Nichols*, 10 F.4th 956, 964 (9th Cir. 2021), and the 180-day limitation imposed by Sections 349(a) and 109(g), an ultra vires restriction that causes per se prejudice because the debtors are denied access to the bankruptcy courts and locked out of bankruptcy protections it would otherwise be entitled to that cannot be retroactively restored.

This Court has not yet addressed whether a bankruptcy court, after recognizing a debtor's "absolute" right to dismiss under Section 1307(b), may later impose a bar to filing a subsequent petition greater than 180 days under Section 349(a) (or use the court's equitable authority under Section 105(a) to impose a greater refilling bar than provided in Section 109(g)). That recurring question has produced divergent rulings among Circuit and bankruptcy courts and warrants this Court's guidance. *See Nichols*, 10 F.4th at 964. Consistent with *Law v.*

13

*Siegel*, 571 U.S. 415 (2014), the Court should hold that the bankruptcy court's inherent equitable authority cannot override statutory text.

Because the one-year refiling bar contravenes and enlarges the limitations provided in Sections 349(a) and 109(g) of the Bankruptcy Code, and because its consequences cannot be remedied through ordinary appeal (as the bar to refiling would expire before heard by this Court in the ordinary course), mandamus is both necessary and appropriate. The Court should direct the bankruptcy court to vacate the unlawful bar and enter a new order limiting the prejudice and bar to refiling to 180 days as measured from the date of the voluntary dismissal.

## II. RELIEF SOUGHT

Petitioners respectfully request that the Court issue a writ of mandamus under 28 U.S.C. § 1651(a) directing the bankruptcy court to:

1. Vacate the order of dismissal and enter a new order of dismissal entered as of May 14, 2025—the date Petitioners voluntarily dismissed their bankruptcy cases under Section 1307(b);

2. Vacate the portion of its order imposing a one-year refiling bar, (3-PA-679; 3-PA-595)[2];

---

[2] Citations in this brief are hyperlinked to the record using Clearbrief, a secure third-party database, audited for AICPA SOC II, Type 2 security, welcomed in many state and federal courts.

3. Enter a new order imposing an 180-day bar to filing a subsequent bankruptcy petition—the maximum bar permissible under Section 349(a) as limited by Section 109(g). The bar date should run from the date Petitioners voluntarily dismissed their chapter 13 bankruptcy case and not from a later hearing date;

4. Maintain interim relief by staying the refiling bar and any enforcement actions premised on it pending final disposition of this petition, to prevent irreparable harm; and

5. Remand with instructions to enter an order consistent with the foregoing and the Bankruptcy Code's limits.

## III. ISSUES PRESENTED

1. Whether—in not giving immediate or any effect to Petitioners' timely and voluntary request for dismissal filed in compliance with Section 1307(b)— the bankruptcy court clearly erred in *sua sponte* entering a separate dismissal order two days later for failing to comply with a court order whose deadline had not expired as of the date of the voluntary dismissal.

2. Whether a bankruptcy court clearly errs by exceeding the limits of its authority by imposing a one-year bar to filing a subsequent bankruptcy petition in violation of the express statutory text in Section 349(a) and the 180-day limitation imposed therein by Section 109(g), especially post *Law v. Siegel*, where the Supreme Court has held that a bankruptcy court may not exercise its inherent power to sanction a party under Section 105(a) that contravenes specific Bankruptcy Code provisions (i.e., section 109(g)).

3. Whether the first day of the bar to filing begins on the date of a voluntary dismissal or on a subsequent hearing date is legal error and prejudicial.

15

4. Whether the refiling bar establishes *Bauman* factors (1) and (2) notwithstanding a pending BAP appeal.

## IV. JURISDICTION AND PARTIES

### A. Jurisdiction

This is an original proceeding under the All Writs Act, 28 U.S.C. § 1651(a), and Federal Rule of Appellate Procedure 21. The Court may issue mandamus to "courts within its appellate jurisdiction," which includes bankruptcy courts sitting within the Ninth Circuit, *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977); *In re Ozenne*, 841 F.3d 810, 815–16 (9th Cir. 2016) (en banc). Potential appellate jurisdiction over bankruptcy matters supplies the necessary foundation for mandamus relief. *See* 28 U.S.C. § 158(d)(1); *Bauman*, 557 F.2d at 654–55.

### B. Respondent court and case below

The writ is directed to the United States Bankruptcy Court for the Northern District of California, which entered the challenged orders imposing a one-year refiling bar in Vikram Srinvasan and his mother Beena Srinivasan's respective Chapter 13 cases.

### C. Parties

Petitioners are Vikram and Beena Srinivasan, Chapter 13 debtors and appellants in a related BAP appeal from the same orders dismissing their respective cases *sua sponte* for failure to comply with a scheduling order and entering a one-year bar to filing a subsequent bankruptcy petition. *See* 28 U.S.C. § 158. The

16

real party in interest is Milestone Financial, LLC, the creditor that sought the refiling bar after dismissal was entered. The United States Trustee and chapter 13 trustee are also served.

### D. Related proceedings and adequacy of review

BAP appeals are pending from the same orders, but mandamus is sought because ordinary appellate review cannot prevent the immediate, non-compensable harms caused by the refiling bar during the appeal and cannot provide a remedy if the one-year bar expires during the pendency of the BAP or subsequent appeals. *Bauman*, 557 F.2d at 654–55. This petition does not seek merits relief beyond vacating or narrowing the refiling bar and thus is "in aid of" the Court's prospective appellate jurisdiction. 28 U.S.C. § 1651, subdiv. (a).

### E. Service and venue

Petitioners will serve the petition on the respondent bankruptcy judge and all parties to the case below as Rule 21 requires, and file in this Court because the respondent court sits within this Circuit. Fed. R. App. P. 21, subdivs. (a)(1), (b)(4).

## V. STATEMENT OF THE CASE

This petition challenges a bankruptcy court's refusal to honor a timely, proper Chapter 13 voluntary-dismissal request and its later imposition of a one-year bar to filing a subsequent petition. The sequence matters: the debtor requested voluntary dismissal before any filing deadline expired (2-PA-343; 1-PA-86); two days later, the court nevertheless dismissed *sua sponte* for

17

"failure to comply" with an order extending certain filing deadlines (2-PA-352), and weeks later added a refiling bar that exceeded the Code's 180-day limitation tied to Section 109, subdivision (g)(2). (3-PA-595.)

## A. Filing and initial deadlines

On April 11, 2025, Vikram Srinivasan filed a Chapter 13 petition. (1-PA-13.) A trustee was appointed and the Section 341(a) meeting set for May 15, 2025. (1-PA-25.) On May 6, 2025, the court granted his ex parte request to extend the schedule/plan deadlines to May 14, 2025. (1-PA-86.)

## B. Stay-relief motion and debtor's voluntary dismissal

On May 7, 2025, creditor Milestone Financial moved for relief from stay and previewed a request for a multi-year refiling bar. (1-PA-89.) Srinivasan opposed. (1-PA-150.) On May 14, 2025—before the extended filing deadline expired—Srinivasan filed a written motion on the court's form to voluntarily dismiss in compliance with Section 1307(b), disclosing the pending stay motion and that the reason for the case had become moot. (2-PA-343.) The next day, the trustee's docket notation reflected that dismissal was pending the court's order on the voluntary-dismissal motion. (1-PA-5.)

## C. Court's *sua sponte* dismissal two days later

Despite the timely Section 1307(b) request, on May 16, 2025, the bankruptcy court *sua sponte* entered an "Order and

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 18 of 43

Notice of Dismissal for Failure to Comply," citing non-filing of schedules as of May 14. (2-PA-352.) Srinivasan timely moved for reconsideration, explaining that Section 1307(b) required dismissal upon request and that no deadline had expired when he moved to dismiss. (2-PA-377.) The court denied reconsideration on June 10, 2025. (3-PA-459.) Srinivasan noticed an appeal to the BAP on June 24, 2025. (3-PA-682.)

### D. Separate refiling-bar proceedings

Following the *sua sponte* dismissal, Milestone filed a stand-alone motion on June 3, 2025, seeking a two-year refiling bar under Section 105(a) and Section 349(a). (3-PA-455.) Srinivasan opposed, arguing (among other points) that Section 109(g)(2) fixed any refiling ineligibility at 180 days because a stay-relief motion was pending when he moved to dismiss and that *Law v. Siegel* bars using Section 105(a) to extend a bar beyond the Code's express limits. (3-PA-467.) On June 27, 2025 (following a June 25 hearing), the court granted a one-year refiling bar running from the hearing date, not from dismissal. (3-PA-595.) Srinivasan sought reconsideration, pointing out the legal overreach and that starting the bar on the hearing date effectively lengthened it beyond one year. (3-PA-608.) The court denied reconsideration on August 21, 2025. (3-PA-679.) Srinivasans timely appealed to the BAP on September 2, 2025. (3-PA-682.) The court denied reconsideration on August 21, 2025.

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 19 of
43

(3-PA-679.) Srinivasans timely appealed to the BAP on September 2, 2025.[3] (3-PA-682.)

### E. Prejudice

The bankruptcy court's denial of the Srinivasans' future access to the bankruptcy court for more than one year will not be reviewable by an appellate court insofar as the one-year will pass before the Ninth Circuit's review of the BAP's decision.

Additionally, denial of the Srinivasans' future access to the court for more than the statutory maximum is a harsh and extraordinary statutory remedy—one that contradicts the plain meaning of the statute—and locks the debtors out of bankruptcy protections they otherwise would be entitled to and that cannot be retroactively restored. It is an encroachment on the Srinivasans' Fifth Amendment due process and equal protection guarantees. *Frieouf*, 938 F.2d at 1103-04. The Srinivasans' need to reorganize is not speculative because they will need to file a subsequent petition to reorganize their estate to specifically void fraudulent transfers. (2-PA-346–347.)

This harm satisfies the traditional mandamus standards. Under *Bauman*, 557 F.2d 650, mandamus is warranted where the petitioner has no other adequate means to obtain relief and will suffer damage not correctable on appeal. Both factors are

---

[3] Each petitioner filed two appeals with the BAP. The appeals were filed months apart because the motions for reconsideration were filed months apart and petitioners have moved diligently to consolidate their respective appeals.

20

present here. There is no alternative remedy because the challenged order will expire before appellate review is possible, and the resulting deprivation of court access is irreparable injury.

A stay pending appeal would not provide adequate relief because it cannot stay the dismissal and would merely extend the harm of the refiling bar.

## VI.   LEGAL STANDARD

Mandamus lies when the petitioner shows (1) no other adequate means, (2) damage or prejudice not correctable on appeal, (3) clear error, (4) oft-repeated error or persistent disregard, and (5) new/important issues. *Bauman*, 557 F.2d at 654–55. *Cheney v. United States District Court*, 542 U.S. 367 (2004) instructs courts to weigh these flexibly, with clear error and inadequacy of ordinary review often central. (*Id.* at 380–81.)

The dismissal order conflicts with the statutory text under Section 1307(b) and Ninth Circuit guidance in *Nichols*. A debtor has the absolute right to dismiss its bankruptcy case in compliance with Section 1307(b). *Nichols,* 10 F.4th at 963 (9th Cir. 2021) (In denying a "bad faith" exception to the debtor's absolute right to dismiss its bankruptcy case, "Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever.").

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 21 of 43

The Section 349(a)-Section 109(g)-Section 105(a) interaction as to the bar to filing a subsequent bankruptcy petition is an important, unresolved Ninth Circuit issue.[4] Based on textual reading and grammatical structure of Section 349(a), the semicolon in the statute creates two independent clauses addressing distinct concerns: the discharge in a later case of debts dischargeable in the dismissed case (not at issue here), and the filing of a subsequent bankruptcy petition (at issue). Each disjunctive clause has its own qualifier, with the restrictive language—"except as provided in section 109(g)"—limiting the bar to refiling only. The structure of the statute makes this a binary reading where a court may bar a discharge with prejudice "for cause" but the bar to refiling a petition is restricted to the 180-day limitation in Section 109(g). In a post-*Law v. Siegel* world, permitting a bar greater than 180-days violates the plain language of Section 349(a) and impermissibly permits Section 105(a) to enlarge or contravene the express limitations of Section 109(g).

The extensive bar blocks future access to the bankruptcy court, is immediately harmful, and is a severe sanction raising constitutional due process or equal protection issues.

---

[4] The two leading Circuit cases on this issue are *In re Frieouf*, 938 F.2d 1099 (10th Cir. 1991) (180 days is the maximum permissible injunction to refiling) and *In re Casse,* 198 F.3d 327 (2nd Cir. 1999) (relying heavily on Section 105(a), a bankruptcy court has the authority to enjoin a debtor from refiling a petition for more than 180 days).

22

## VII.  REASONS FOR GRANTING THE WRIT

The immediate harm of loss of access to the courts will evade review via direct appeal because of its one-year duration. The one-year refiling bar blocks the Srinivasans from invoking the bankruptcy forum and those lost protections cannot be retroactively restored.

The error is purely legal and clear. Under Section 1307(b), debtors have an *absolute right* to dismissal, and the maximum refiling bar is provided at Section 109(g) at 180 days. Yet the bankruptcy deployed a one-year refiling bar as a sanction purportedly under Section 349(a)'s "for cause" language. But that governs only the *discharge*-bar protection in the first clause of the statute, not the *refiling*-bar protection—each contained in independent clauses separated by a semicolon. Dismissals are without prejudice to a refiling bar, except as limited by the sole exception of Section 109(g)'s 180-day period.

Finally, the bankruptcy court's inherent equitable authority and sanctioning powers under Section 105(a) cannot enlarge or contravene the express limits in Sections 349(a) and 109(g). As unanimously stated by the Supreme Court in *Law v. Siegel*:

> It is hornbook law that §105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.' Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is

simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions.

571 U.S. at 421.

### A. Ordinary appeal will not prevent the continuing injury, and the refiling bar inflicts non-remediable harm.

Mandamus is warranted when an order inflicts a continuing legal injury that cannot be undone through ordinary appellate review. *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). The bankruptcy court's refusal to give effect to the Srinivasans' timely voluntary-dismissal request under Section 1307(b) and its later imposition of a one-year refiling bar create precisely that kind of ongoing harm.

Once the debtors invoked their statutory right to dismiss, the court was required to grant dismissal forthwith. *Nichols*, 10 F.4th at 963 ("Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever."). By instead entering a separate *sua sponte* dismissal two days later and subsequently adding a one-year refiling bar, the court deprived the Srinivasans of the protection Congress guaranteed and imposed a sanction it lacked authority to create.

24

### 1. Appeal cannot timely restore the lost protections of bankruptcy or lift the refiling bar.

The one-year refiling bar is operative now and functions as a present legal disability, blocking access to the bankruptcy forum and the protections of the automatic stay. Because bankruptcy protection operates prospectively, once foreclosure or eviction occurs no later appeal can restore property or possession. *In re Perl*, 811 F.3d 1120, 1127–28 (9th Cir. 2016). As the Ninth Circuit holds, when ordinary appellate review cannot avert an immediate, irreversible harm, mandamus is appropriate. *In re Mersho*, 6 F.4th 891, 897–98 (9th Cir. 2021); *In re Kirkland*, 75 F.4th 1030, 1040–41 (9th Cir. 2023).

Orders restricting access to court are treated as inherently serious and must be narrowly justified. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–59 (9th Cir. 2007); *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061–64 (9th Cir. 2014). The one-year bar here—twice the 180-day limit Congress prescribed—fits squarely within that category of exceptional sanctions warranting immediate review.

### 2. The ongoing deprivation of bankruptcy protection cannot be remedied on appeal.

Even if later reversed, no appellate decision can retroactively re-impose the automatic stay or undo state-court enforcement actions completed in the interim. The harm unfolds

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 25 of 43

in real time and will likely be complete before review concludes. *Mersho*, 6 F.4th at 897–98; *Kirkland*, 75 F.4th at 1040–41.

The bankruptcy court's disregard of Section 1307(b) forced the Srinivasans into legal limbo: their case was treated as dismissed "for cause," although the Code required unconditional dismissal, and the later refiling bar prevented them from seeking renewed protection. The result is a continuing loss of access to the bankruptcy forum—the very safeguard the statute ensures. Each day the orders remain in effect compounds that injury, rendering ordinary appellate review futile.

### 3. The prejudice is structural and continuing, not a routine litigation burden.

This case involves more than procedural inconvenience. The refiling bar disables the Srinivasans from invoking the automatic stay and subjects them to immediate enforcement actions while the court's misapplication of Sections 1307(b), 349(a), and 109(g) persists. *Cf. In re Swift Transp. Co.*, 830 F.3d 913, 916–17 (9th Cir. 2016). The bar also begins on the wrong date—extending the deprivation even further—and exceeds Congress's 180-day ceiling.

Because the order strips access to a federal forum for financial reorganization, it raises structural due-process concerns. A one-year filing ban that excludes debtors from the only statutory avenue for relief is an extraordinary sanction demanding strict adherence to statutory limits. The absence of

26

such adherence here underscores the need for immediate correction through mandamus.

The bankruptcy court's disregard of Section 1307(b)'s mandatory-dismissal rule and its imposition of a refiling bar beyond Section 109(g)'s limit demonstrate clear legal error causing ongoing harm. Because the error is apparent on the face of the record and its effects are immediate, this Court can correct it without additional factual development. The petition thus presents the ideal setting for narrow but necessary supervisory intervention: a straightforward legal error that continues to inflict concrete injury each day it remains unaddressed.

## B. The one-year refiling bar exceeds the Bankruptcy Code's text and the bankruptcy court's equitable authority.

The refiling bar cannot stand for two independent reasons. First, once the Srinivasans exercised their statutory right to dismiss under Section 1307(b), the court lacked authority to impose any further condition or sanction. Second, even assuming some residual authority remained, the order's one-year duration and its start date contravene the limits Congress fixed in Sections 349(a) and 109(g). Either ground requires vacatur; together they show a clear and easily correctable legal error.

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 27 of 43

### 1. Section 1307(b) mandates immediate, unconditional dismissal, and courts may not penalize that absolute right with post-dismissal refiling disabilities.

Section 1307(b) provides that, upon a qualifying debtor's request, "the court shall dismiss" a Chapter 13 case. The Ninth Circuit holds this command leaves "no textual indication that the bankruptcy court has any discretion whatsoever." *Nichols*, 10 F.4th at 963; *accord In re Powell*, 119 F.4th at 602–03 (reaffirming debtor's absolute right to dismiss). That rule forecloses judicial qualification, equitable balancing, or delay.

The Srinivasans filed a written voluntary-dismissal request before any deadline expired, at which point the court's role was ministerial. By instead entering a separate *sua sponte* dismissal two days later "for failure to comply," and weeks later layering on a one-year refiling bar, the court converted an unconditional right into a conditional one and punished its exercise. Because Section 1307(b) required immediate dismissal, the ensuing orders exceeded the court's authority and set in motion the continuing prejudice discussed above.

### 2. Section 349(a)'s grammar and structure do not authorize a refiling bar beyond 180 days.

Section 349(a) states in full:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts

28

that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

(i)    The semicolon divides two independent clauses with separate qualifiers.

The statute's punctuation and syntax matter. The semicolon divides two independent clauses addressing distinct subjects: the *discharge* of debts and the *filing* of a later petition. The prefatory phrase "[u]nless the court, for cause, orders otherwise" modifies only the first clause (*discharge* effects) and not the second (*refiling* effects), which has its own explicit limitation—"except as provided in section 109(g)."

Congress's punctuation and grammar control. *See United States v. Ron Pair Enters.*, 489 U.S. 235, 241–42 (1989) (giving operative effect to punctuation); *Elgin Nursing & Rehab. Ctr. v. U.S. HHS*, 718 F.3d 488, 494–95 (5th Cir. 2013) (clauses separated by semicolon presumed independent). The last-antecedent canon confirms that a front-loaded modifier applies only to the clause it introduces. *Lockhart v. United States*, 577 U.S. 347, 351–52 (2016); *cf. Facebook, Inc. v. Duguid*, 592 U.S. 395, 402–03 (2021). Thus, the "for cause" qualifier governs only the first clause, leaving the second clause bound solely by its express exception, Section 109(g).

Case: 25-40627     Doc# 116     Filed: 10/28/25     Entered: 10/30/25 10:05:06     Page 29 of 43

        (ii)    <u>The disjunctive "nor" confirms that the second clause stands independently even if "for cause" applied across the semicolon.</u>

Even if one assumed "for cause" extends across the semicolon, the outcome would not change. Section 349(a) introduces the second clause with the disjunctive "nor"—creating a separate, negative proposition: the dismissal of a case *does not* prejudice the debtor's right to refile. The word *nor* functions as an independent negation—essentially "not"—and grammatically separates the two ideas.

Treating "for cause" as overriding this negative disjunction would erase *nor* from the statute, contrary to settled canons that every word must be given effect and none treated as surplusage. *Duncan v. Walker*, 533 U.S. 167, 174 (2001); *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001). The disjunctive *nor* therefore reinforces that the second clause operates independently and cannot be requalified by importing "for cause" from the first clause.

        (iii)   <u>Canonical rules of construction confirm that Section 349(a) limits refiling prejudice solely to Section 109(g).</u>

Several interpretive canons converge on the same conclusion:

30

1. <u>Negative Implication and Specificity</u>: By stating "except as provided in section 109(g)," Congress identified the *exclusive* source and ceiling of any refiling prejudice. *TRW Inc.*, 534 U.S. at 28 (negative-implication canon); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6–7 (2000).

2. <u>Anti-Surplusage</u>: Reading "for cause" to reach both clauses would render Section 109(g) superfluous—an outcome courts avoid. *Duncan*, 533 U.S. at 174.

3. <u>Specific Controls the General</u>: Section 109(g)'s precise 180-day rule governs over any broader inference from Section 349(a)'s first clause. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645–46 (2012).

Accordingly, even under the broadest conceivable reading, Section 349(a) still forecloses any refiling bar beyond 180 days. The semicolon, the disjunctive *nor,* and applicable canons of construction all reinforce that Congress prohibited additional refiling prejudice except as provided in Section 109(g). The bankruptcy court's contrary reading nullified both the statute's syntax and its substantive limit.

Case: 25-40627   Doc# 116   Filed: 10/28/25   Entered: 10/30/25 10:05:06   Page 31 of 43

3. **Section 109(g) supplies the exclusive ceiling for any refiling disability— Section 105(a) cannot supply equitable power the Code withholds.**

Section 109(g) alone governs refiling ineligibility: it applies only where (1) the prior case was dismissed for the debtor's willful failure to obey orders or to appear and prosecute, or (2) the debtor obtained voluntary dismissal after a stay-relief motion, and in either scenario only for 180 days. 11 U.S.C. § 109(g)(1)–(2). The Code's meticulous specificity forecloses extra-textual additions. *See Hartford Underwriters*, 530 U.S. at 6–7. Post-*Law v. Siegel*, courts may not use Section 105(a) or inherent powers to enlarge that ceiling or to invent additional predicates. 571 U.S. 415, 421–23 (2014); *see also Frieouf*, 938 F.2d at 1103–04 (textual reading limiting refiling bars to 180 days); 11 U.S.C. § 109(g)(1), (2).

Even if the court perceived abuse, equitable authority cannot override the statutory scheme. *Law v. Siegel* holds that whatever equitable powers remain "must and can only be exercised within the confines of the Bankruptcy Code." 571 U.S. at 421–22; *see also id.* at 421 (general powers yield to specific prohibitions). The Code speaks directly here: Section 349(a) addresses discharge effects (with a for-cause safety valve), while Section 109(g) alone sets the predicates and duration of any refiling bar. Courts cannot add a second, longer refiling track through Section 349(a) or inherent powers.

### 4. Any refiling bar must run from the date of dismissal, and starting it from a later hearing unlawfully lengthens the sanction.

Section 349(a) channels all refiling consequences to Section 109(g); Section 109(g) then measures eligibility by counting 180 days back from any attempted refiling, keyed to the fact of a prior dismissal under specified predicates. The operative event is dismissal—not a later hearing or enforcement date. Starting the clock on a post-dismissal hearing adds extra days of ineligibility that Congress did not authorize and functionally enlarges the statutory ceiling, contrary to Section 349(a)'s text and *Law v. Siegel*'s constraint on equitable expansion.

Sections 1307(b), 349(a), and 109(g) work together to make dismissal a ministerial act, not a springboard for punitive refiling penalties. The order here inverted that structure—disregarding the absolute right to dismiss, extending refiling ineligibility beyond 180 days, and starting the clock on the wrong date—while invoking equitable authority that the Code does not permit.

Those are clear, purely legal errors that warrant mandamus relief without the need for further factual development.

**C.** **This petition raises an important and recurring question: May a court impose a refiling bar exceeding Section 109(g)'s 180-day limitation?**

      **1.** **The statutory question is unresolved and recurring.**

This petition presents an unsettled issue in this Circuit: *May a bankruptcy court impose a refiling bar longer than the 180 days expressly permitted by Section 109(g)?*

Lower courts are divided. Some, following the Second Circuit's *In re Casse*, 198 F.3d 327, 339–41 (2d Cir. 1999), read Section 349(a)'s opening "for-cause" language—combined with Section 105(a)'s equitable powers—as authorizing multi-year bars. Ninth Circuit BAP panels have occasionally affirmed such orders. *See In re Duran*, 630 B.R. 797, 809 (B.A.P. 9th Cir. 2021) (describing broad consequences under Section 349(a)); *In re Watkins*, 2023 Bankr. LEXIS 2727, 2023 WL 7448745, at *6–7 (B.A.P. 9th Cir. Nov. 9, 2023) (three-year bar); *In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007) (same).

By contrast, the Tenth Circuit in *In re Frieouf*, 938 F.2d 1099, 1104 (10th Cir. 1991), adopted the textual view that the 180-day limit in Section 109(g) is the *exclusive* ceiling on any refiling disability. That interpretation—confirmed by the grammatical structure of Section 349(a) and reinforced by *Law v. Siegel*, 571 U.S. 415, 421–22 (2014)—confines the "for-cause" qualifier to the discharge-effects clause and treats the refiling

Case: 25-40627   Doc# 116   Filed: 10/28/25   Entered: 10/30/25 10:05:06   Page 34 of 43

clause's "except as provided in section 109(g)," 11 U.S.C. 349(a), as both the source and limit of refiling ineligibility.

### 2. The recurring procedural defect warrants supervisory clarification.

The bankruptcy court's disregard of Section 1307(b)'s mandatory-dismissal command and its reliance on Section 105(a) to enlarge Section 109(g)'s 180-day limit reflect a broader procedural pattern: bankruptcy courts frequently conflate equitable discretion with statutory authority. Because refiling bars are short in duration and debtors facing them rarely have the resources for protracted appeals, these errors routinely evade review.

This case thus provides an ideal vehicle for modest but essential clarification—confirming that dismissal under Section 1307(b) is mandatory once properly requested and that any refiling restriction must be grounded in explicit Code authority and supported by record-based "for-cause" findings.

### 3. Clarification will ensure uniform, text-based application of the Code.

A narrow ruling reaffirming the statutory limits already articulated in *Nichols* and *Law v. Siegel* would correct the clear error here and promote uniformity throughout the Circuit.

It would not enlarge existing doctrine; it would simply realign practice with the Code's text by holding that (1) a

35

bankruptcy court must dismiss upon a proper Section 1307(b) request and (2) any refiling bar may not exceed 180 days under Section 109(g).

Because the question recurs frequently yet expires before appellate review, supervisory intervention through mandamus is both appropriate and necessary to preserve the integrity of the statutory scheme and the uniform administration of bankruptcy law.

### D. Extraordinary relief is warranted under the *Bauman* framework.

Mandamus is an extraordinary remedy, but it exists to correct exactly the type of clear, continuing legal error present here. The bankruptcy court exceeded its authority under Section 1307(b) and imposed a refiling bar that violates the limits set by Sections 349(a) and 109(g). Each of the *Bauman* factors favors intervention, and the balance demonstrates that relief here would be both necessary and restrained.

#### 1. The first two *Bauman* factors— immediate harm and inadequate appellate remedy—are satisfied.

The one-year refiling bar, coupled with the court's refusal to honor the Srinivasans' absolute right to dismiss under Section 1307(b), inflicts a continuing deprivation that no appeal can cure. While the orders remain in effect, the Srinivasans are barred from refiling and from invoking the automatic stay that protects property and possession. Once foreclosure or eviction

36

occurs, reversal cannot restore what has been lost. *Perl*, 811 F.3d at 1127–28. Because the harm accrues daily and will likely be complete before any appellate decision issues, ordinary remedies are inadequate. *Mersho*, 6 F.4th at 897–98; *Kirkland*, 75 F.4th at 1040–41.

This is not a matter of litigation inconvenience. The bankruptcy court's disregard of Section 1307(b)'s mandatory command stripped the Srinivasans of a statutory protection designed to be self-executing. The loss of access to bankruptcy relief and of the stay's protection is a substantive, structural deprivation satisfying the first two *Bauman* factors in full.

## 2. *Bauman* factor 3—clear and purely legal error—warrants mandamus relief without the need for further factual development.

The errors are purely legal and apparent on the face of the record. The bankruptcy court (1) failed to grant a timely voluntary-dismissal request under Section 1307(b); (2) imposed a refiling bar without the "for-cause" findings that Section 349(a) demands; (3) extended that bar beyond Section 109(g)'s 180-day ceiling; and (4) relied on Section 105(a) to supply authority that *Law v. Siegel* squarely forbids. Each constitutes clear legal error requiring no factual development. *In re Nichols*, 10 F.4th at 963 (9th Cir. 2021) (Section 1307(b) leaves "no textual indication that the bankruptcy court has any discretion whatsoever").

Case: 25-40627    Doc# 116    Filed: 10/28/25    Entered: 10/30/25 10:05:06    Page 37 of 43

### 3. The remaining factors—likelihood of recurrence and systemic importance— also favor relief.

Similar errors recur throughout the Circuit. Bankruptcy courts frequently conflate equitable discretion with statutory command, issuing one-year or multi-year refiling bars under Section 349(a) or Section 105(a) without individualized findings. Because such orders expire before appellate review concludes, they repeatedly evade correction. Limited supervisory clarification—reaffirming that dismissal under Section 1307(b) is mandatory and that Section 109(g)'s 180-day cap cannot be enlarged—would prevent further inconsistency and promote uniform, text-based application of the Code.

The question is also one of exceptional importance. It determines whether courts may impose multi-year refiling disabilities notwithstanding Section 109(g)'s express limit and thus implicates uniform access to the bankruptcy forum. As the Supreme Court emphasized in *Law v. Siegel*, equitable powers must "operate within the confines of the Bankruptcy Code." 571 U.S. at 421. Clarifying those confines will benefit both debtors and creditors by restoring predictable, statute-bound practice.

### 4. The balance of factors demonstrates that mandamus is necessary and restrained.

All five *Bauman* factors align. Ordinary review is inadequate; the harm is immediate and continuing; the errors are clear; the problem recurs; and narrow guidance will advance

38

uniform administration of the Code. In similar circumstances, the Ninth Circuit has issued writs to correct legal errors that would otherwise evade review and to provide needed guidance. *See Mersho*, 6 F.4th at 899–903 (granting mandamus to correct legal error affecting case management).

Granting the writ here would not enlarge doctrine—it would simply enforce what Congress and this Court have already decided. By vacating the unlawful refiling bar, or by remanding with instructions that any future order comply with Sections 1307(b), 349(a), and 109(g) as written, the Court would restore the Code's textual boundaries and reaffirm the principle that bankruptcy courts must act within the authority Congress conferred.

## VIII. REQUESTED DISPOSITION

Petitioners respectfully request that the Court:

1. Vacate the order of dismissal and enter a new order of dismissal entered as of May 14, 2025—the date Petitioners voluntarily dismissed their bankruptcy cases under Section 1307(b);

2. Vacate the portion of its order imposing a one-year refiling bar, (3-PA-679; 3-PA-595);

3. Enter a new order imposing an 180-day bar to filing a subsequent bankruptcy petition—the maximum bar permissible under Section 349(a) as limited by Section 109(g)—with the bar date running from the date Petitioners voluntarily dismissed their Chapter 13 bankruptcy case and not from a later hearing date;

4.  Maintain interim relief by staying the refiling bar and any enforcement actions premised on it pending final disposition of this petition, to prevent irreparable harm;

5.  Remand with instructions to enter an order consistent with the foregoing and the Bankruptcy Code's limits; and

6.  Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

October 20, 2025          KOWAL LAW GROUP, APC

By: _/s/ Timothy M. Kowal_
        Timothy M. Kowal
        Teddy T. Davis
        Ryan Merker
        *Attorneys for Petitioners Vikram and Been Srinivasan*

40

## CERTIFICATE OF COMPLIANCE (FRAP 32(G))

I am the attorney or self-represented party. This brief contains 7,767 words, including words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief (select only one):

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an amicus brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a death penalty case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because (select only one):

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Signature: _/s/ Timothy M. Kowal_
Date: _October 20, 2025_

October 20, 2025      KOWAL LAW GROUP, APC

By:   */s/ Timothy M. Kowal*
       Timothy M. Kowal
       Teddy T. Davis
       Ryan Merker
       *Attorneys for Petitioners Vikram and*
       *Been Srinivasan*

## CERTIFICATE OF SERVICE (FRAP 21(A)(1), (B))

I certify that I electronically filed the attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**[ ] Service on Case Participants Who Are Registered for Electronic Filing:** I certify that I served the attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**[ X ] Service on Case Participants Who Are NOT Registered for Electronic Filing**: I certify that I served the attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants (list each name and mailing/email address):

United States Bankruptcy Court
Hon. William J. Lafferty, III
280 S 1st St 3rd Floor
San Jose, CA 95113
Dept. 220

Signature: _/s/ Brittney Bishop_     Date: _October 20, 2025_

43